Argued April 18, reversed and remanded with directions May 1, 1917.

# ALEXANDER v. SCHOOL DISTRICT No. 1.

### (164 Pac. 711.)

**Schools and School Districts—Contract With Teacher—Transfer—Authority of Board—Statute.**

1. Laws of 1913, page 69, Section 1, empowers the board of directors of every school district to hire and discharge teachers and to fix their compensation. Section 2 provides that the word "teacher" shall include supervisors and principals and instructors who are in the employ of the school district. Section 4 provides that teachers who have been regularly employed for not less than two successive annual terms shall be placed on the list of permanently employed teachers. Section 5 provides that permanently employed teachers shall not be subject to annual appointment, but shall continue to serve until dismissed in the manner therein provided, and that they shall serve in such positions and be subject to such assignments and transfer as the board may from time to time determine. Section 6 provides that before any permanently employed teacher can be dismissed notice must be given containing the charges against the teacher and a hearing had thereon if the teacher so requests. *Held*, that the transfer of a teacher who had been acting as principal to another school where she was an instructor merely was not a dismissal of the teacher, and was within the discretion of the board without a necessity for notice and hearing on charges.

**Officers—Employment of Teacher—"Office."**

2. A teacher permanently employed under Laws 1913, page 70, Section 4, does not hold an office, since the statute refers to it as an employment, and Article XV, Section 2, of the Constitution, prohibits the legislature from creating any office the tenure of which shall be longer than four years.

> [As to school officer or teacher as municipal officer, see note in Ann. Cas. 1914D, 1236.]

**Mandamus—Subjects of Relief—Restoration to Office.**

3. Where an officer has been removed and another appointed to perform the work, *mandamus* is not the proper remedy of the discharged officer, since *quo warranto* is the proper method for trying title to an office.

**Mandamus—Issues—Competency of Teacher—Transfer.**

4. In *mandamus* proceedings to compel a school board to restore a teacher to her former position as principal, where the transfer of the teacher was within the board's discretion, the court cannot consider whether her services as principal were satisfactory.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Proceeding in *mandamus* by Alevia Alexander against School District No. 1, in Multnomah County,

a municipal corporation, and District School Board
for said School District No. 1, composed of the follow-
ing duly elected, qualified and acting members, viz.:
Allan Welch Smith, O. M. Plummer, J. V. Beach,
J. Francis Drake, S. P. Lockwood and L. R. Alder-
man, administrative officer, in which the writ was
made peremptory, and defendants appeal.    Reversed
and remanded with directions to dismiss the writ.

In Banc.    Statement by MR. JUSTICE BURNETT.

This is a *mandamus* proceeding where the writ re-
quired the defendants, constituting the board of direc-
tors of School District No. 1 of Multnomah County,
to restore the plaintiff to the position which she for-
merly held as teacher in the schools there, or to one
of like character, duties and salary, or to show cause
why they had not done so.    Stripped of tautological
verbiage and condensed to its lowest terms the writ
states substantially that for eight years prior to its
issuance the petitioner had been continuously em-
ployed as a teacher in the schools of that district by
the school board thereof, and for the last six of those
years had occupied the position of principal; that on
August 17, 1916, the defendants transferred her to the
station of assistant teacher where she was required to
teach history; that this action was taken without notice
to her and without her consent; that she demanded
restoration and the same was refused.

A general demurrer to the writ was overruled.    The
defendants answered avowing the action taken and
claiming that it was justified by the statute, besides
averring matter designed to show that her service in
her former assignment was not satisfactory.

The reply traversed the new matter in the answer. A trial before the court resulted in making the writ peremptory, and the defendant appealed.

REVERSED AND REMANDED WITH DIRECTIONS.

For appellants there was a brief over the name of *Messrs. Fulton & Bowerman*, with an oral argument by *Mr. Charles W. Fulton.*

For respondent there was a brief over the names of *Messrs. Clark, Skulason & Clark* and *Mr. Franklin F. Korell*, with oral arguments by *Mr. Alfred E. Clark* and *Mr. Korell.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The issue requires a construction of the act of February 7, 1913, entitled "An Act to provide for the employment and discharge of teachers, officers, and other employees in school districts now having or which at any time hereafter shall have a population of 20,000 or more persons": Laws 1913, p. 69.

Section 1 of that law empowers the board of directors of every school district in this state now having or which at any time hereafter shall have a population of 20,000 or more persons to appoint and remove, hire and discharge all teachers, officers, agents and employees as it may deem necessary, and to fix their compensation. Other parts read as follows:

Section 2. "The word 'teacher' or 'teachers' as used in this act shall include supervisors and principals and instructors who are in the employ of the school district or districts specified in this act."

Section 4. "Teachers who have been employed in the schools in any such district or districts as regularly appointed teachers for not less than two succes-

sive annual terms shall by the board of directors be placed upon the list of permanently employed teachers.''

Section 5. ''Teachers so placed upon such list shall not be subject to annual appointment, but shall continue to serve until dismissed or discontinued in the service by the board in the manner herein provided, subject to the rules of the board concerning suspensions, but such rules shall be reasonable and for the good of such schools. They shall serve in such positions and shall be subject to such assignments and transfer as the board may from time to time determine, or as may be provided for in its rules.''

Section 6. ''Before being dismissed any teacher on the permanent list shall receive written notice, stating the reason for the proposed dismissal, together with a copy of any charges or complaints which may be filed against him or her, and upon written request filed with the clerk the teacher shall be entitled to and given a hearing before the board within ten days after said notice, with full benefit of witnesses and subpoenas issued in blank by and over the hand of the clerk therefor and the right to be represented by counsel. * * ''

Sections 7, 8 and 9 relate to procedure in dismissal of teachers.

Section 10. ''All teachers who shall have been employed in such district or districts two or more years prior to the first day of July, 1913, shall be eligible to re-election as permanent teachers, and all such teachers who shall be re-elected for employment by the board for the school year beginning in September, 1913, shall be permanent teachers under the provisions of this act.''

Section 11. ''All acts and parts of acts in conflict herewith are hereby repealed. Provided, however, that all general laws of this state relating to public schools shall be applicable to districts under this act except in so far as the same may be in conflict with the provisions hereof.''

The writ shows that the plaintiff was properly on the list of "permanently employed teachers." The act does not give any rank or preference to teachers. Principals, instructors and supervisors are all included within the term "teachers." They are thus on a common level, without distinction or precedence under the enactment. They have the privilege of serving until dismissed or discontinued subject to the rules of the board concerning suspensions; but, on the other hand, when employed by the board or when automatically installed as permanent employees, they assume the burden imposed by the statute of serving "in such positions and shall be subject to such assignments and transfer as the board may from time to time determine, or as may be provided for in its rules." This is not a case of dismissal, discontinuance or suspension, which must be preceded by notice and an opportunity to be heard. The writ shows that the plaintiff is still a teacher and that she has been assigned to active service in a certain school, different it is true from the one in which she had been previously employed, but not in derogation of her standing as an instructor. There is no pretense that she is not competent to teach the subject assigned to her and that therefore she has been set at an impossible task. The contention for the plaintiff is that her transfer to another school at a less salary constitutes dismissal. The only authorities cited for that doctrine come from New York, New Jersey and California. In all of them the statute protected the incumbent in a certain particular position. It contained no such provision as in our enactment requiring teachers to serve where they are placed by the board. For instance, in *People v. Board of Education,* 174 N. Y. 169 (66 N. E. 674), the issue arose out of consolidating the cities of New

York and Brooklyn. The statute accomplishing this result specially confirmed the teachers in the public schools in their several positions, and it was held that even a transfer of a teacher to another place in the public schools could not be effected without an opportunity to be heard as provided by the charter of amalgamation. The New Jersey cases of which *Machaelis* v. *Board of Fire Commissioners,* 49 N. J. L. 154 (6 Atl. 881), is the controlling one, depend upon a statute treating the position as an office to be held by the incumbent and from which he cannot be ousted except by regular process. The California cases, of which *Kennedy* v. *Board of Education,* 82 Cal. 483 (22 Pac. 1042), is the leading one, treat the matter as though the teacher in question was elected to a specified position as to an office. Those precedents have been doubted and strongly limited by the subsequent decisions of the Supreme Court of our adjoining sister state. They are not applicable in the present juncture because the position held by the plaintiff is not an office. In the words of the statute she is "permanently employed."

Moreover, the position being permanent, it cannot be classed as an office, because the Constitution in Section 2 of Article XV declares that "the legislative assembly shall not create any office the tenure of which shall be longer than four years." Even then, on the hypothesis that the place is an official station, the writ having disclosed that the plaintiff's former work was confided to another, *quo warranto* and not *mandamus* is the proper method of trying title to an office.

The statute is part of the employment of all teachers. The language is plain making them subject to the direction of the board about the position in which

84 Or.—12

they shall serve. They are not entitled to notice or previous trial on the subject. As to that the statute as enacted in 1913 requires them to hear and obey. In that respect, so far as disclosed by the writ the directors are still supreme in their management of the affairs of their district. The legislation in question is in the nature of an exception to the general rule about the function of the directorate, and if the plaintiff would have the relief which she seeks, she must bring herself clearly within the exception. What may be said to be a legislative construction of the law of 1913 will be found in Chapter 152 of the Laws of 1917, which amends the enactment of 1913 so as to require notice and a hearing for the transfer of a teacher to another position in the schools of the same district. If the position assumed by the plaintiff is correct under the statute of 1913, the legislation of 1917 on the same subject would have been superfluous. In brief, the plaintiff has no title to any particular position in the schools of the defendant district to which she may be restored as to an office. She showed herself to be nothing more than an employee who is bound by the law of her employment to serve where she is directed.

It was not apropos to the present proceeding to inquire whether her services in her former place were satisfactory or not. Those questions could have been taken up if there had been charges preferred against her, and the matter was properly before the court on appeal or review or otherwise. The present contest is one in which the plaintiff must show a clear right to the relief demanded without regard to the discretion of the defendants, and we cannot try out here the issue of the excellence of her conduct or any objections thereto. The demurrer to the writ should have been

sustained and the whole contention settled in that manner. The judgment of the Circuit Court is therefore reversed and the cause remanded to that tribunal, with directions to sustain the demurrer and dismiss the writ.

REVERSED AND REMANDED WITH DIRECTIONS.

MR. JUSTICE BENSON took no part in the consideration of this case.