[Civ. No. 1700.   Fourth Appellate District.—August 18, 1937.]

VICTOR N. HODGE, Respondent, v. BOARD OF EDU-
CATION OF THE CITY OF SAN BERNARDINO
SCHOOL DISTRICT et al., Appellants.

Stanley Mussell, District Attorney, and James L. King for Appellants.

Hodge & Evans for Respondent.

BARNARD, P. J.—This is an appeal from a judgment ordering a peremptory writ of mandate to issue commanding the appellants to reinstate the respondent as a permanent teacher in the San Bernardino Senior High School at a named salary for the 1936–37 school year.

The respondent was employed as a teacher in the department of physical education in the Senior High School in San Bernardino continuously from the school year 1926–27 to the year 1935–36, and had acquired the status of a permanent teacher. During the last eight years of that time he had also served, in a supervisory capacity, as head of the department of physical education in that high school and had received an extra compensation therefor. During the school year of 1935–36 he received a salary of $2,550. Early in May, 1936, the appellants decided, in the interest of harmony and efficiency, to change the respondent's assignment and, after due proceedings, the respondent was notified that he was relieved of his supervisory duties, that he was assigned for the ensuing year as a teacher of physical education in the Junior High School operated by said district, and that his salary was fixed for that year at $2,200. At the opening of the school year of 1936–37 the respondent presented himself and offered to teach physical education in the Senior High School but declined to serve as such a teacher in the Junior High School. He was not allowed to teach in the Senior High School and this action followed.

With respect to the main question involved the appellants contend that a school board is empowered to assign duties to a permanent teacher, that the assignment of the

respondent to teach in the Junior High School was in conformity with this power, and that there is no evidence that he was demoted or reduced in rank or grade. The respondent had acquired a position as permanent teacher from which he could not be removed without cause. As was said in *Cullen* v. *Board of Education*, 126 Cal. App. 510 [15 Pac. (2d) 227, 228, 16 Pac. (2d) 272] : "This right of tenure is a right which the teacher enjoys to continue in the position or positions to which he has become elected under the statute— i. e., in a position or positions of a rank and grade equivalent to that occupied for the probationary period and to which the teacher has thus become 'elected' under the statute." The "position" through which the respondent's right of tenure was acquired was that of teaching physical education in the Senior High School. The real question before us is whether the teaching of physical education in a junior high school operated by this district may be considered as a part of the same position in which the respondent acquired tenure, or as one of an equivalent rank and grade.

We think this question is settled by the case of *Walsh* v. *Board of Trustees*, 2 Cal. App. (2d) 180 [37 Pac. (2d) 700], in which this court held that a teacher of vocal music who had taught in both a senior and a junior high school had acquired tenure in two separate positions and could not, when the teaching of that subject was discontinued in the senior high school, demand tenure as a full-time teacher of vocal music in a junior high school. It is there pointed out that in important particulars a senior high school differs materially from a junior high school. If it could be held in any case that a board had a right to assign a teacher who had acquired tenure in a senior high school to teaching duties in a junior high school it could not be so held here. The teaching of physical education is subject to the same differences, as between these two types of schools, as those pointed out with respect to the teaching of vocal music in the case just cited. In view of these differences it could not be held that one acquiring tenure as a teacher of physical education in a senior high school would, if that subject was discontinued in that school, have the right to teach the same subject in a junior high school and, if necessary, to displace a teacher with shorter service who had been engaged in teaching that particular subject in a junior high school. Similarly, it must be held that the appellants had no right to assign the

respondent against his will to what is in fact a different position from that in which he acquired tenure, and one which is not of an equivalent rank and grade.

The form of the order is also attacked. A peremptory writ was ordered to issue commanding the appellants "to immediately reinstate and assign petitioner to his position as a permanent teacher in the Department of Physical Education of the San Bernardino Senior High School in the city of San Bernardino High School District, at an annual salary of $2550.00 for the 1936–37 school year". It is conceded that but one senior high school is operated by the respondent district. ■ A board has power to reasonably change the assignment of a permanent teacher so long as the work assigned is of a rank and grade equivalent to that by which the permanent status was acquired and so long as the assignment is one for which the teacher is qualified. (*Mitchell* v. *Board of Trustees*, 5 Cal. App. (2d) 64 [42 Pac. (2d) 397].) ■ There is no evidence that the respondent is not qualified to teach other subjects in a senior high school which are of a rank and grade equivalent to that under which he acquired his permanent status. The order for the issuance of the writ should, therefore, be so modified as to permit the assignment of the respondent to any teaching duties which are of a rank and grade similar to the work done by him during his probationary period, and for which he is qualified. (*Mitchell* v. *Board of Trustees, supra.*)

■ The only other question raised is with reference to the amount of respondent's salary for the year 1936–37. This was fixed by the board at $2,200 for that year. There can be no question that a board has the power to exercise a reasonable discretion in the matter of fixing salaries and to reduce the salary of a permanent teacher if such reduction is not arbitrary or discriminatory. (*Fidler* v. *Board of Trustees*, 112 Cal. App. 296 [296 Pac. 912]; *Abraham* v. *Sims*, 2 Cal. (2d) 698 [42 Pac. (2d) 1029]; *Chambers* v. *Davis*, 131 Cal. App. 500 [22 Pac. (2d) 27].) While there is evidence in the record that during the preceding year $350 of respondent's $2,550 salary was by way of compensation for his supervisory duties the respondent argues that this may not be taken as true because the person who took over those particular duties for the year 1936–37 was given a raise of only $160. It is also argued that the record discloses that most of the other teachers in the physical education depart-

ment received an increase in salary for the year 1936–37. The fact remains, however, that the respondent was relieved of his supervisory duties and that as a teacher his salary was fixed at $2,200 for that year, which the record shows was higher than that of any teacher in the physical education department of the Junior High School during that year, and higher than that paid to any other teacher in the physical education department of the Senior High School with the exception of that paid to the man who was made head of that department. While at the time the respondent's salary was fixed for the ensuing year it was contemplated by the board that he should teach in the Junior High School, there is no evidence that the $2,200 salary fixed by the board was arbitrary or discriminatory. It fully appears that it was larger than that paid to anyone else for teaching service in that department and there is no evidence that any salary paid in any other department which was within the respondent's qualifications was any larger. It must be taken that while the respondent had the right to a different assignment than that made by the board his salary, as fixed by the board, was within its discretion and may not be arbitrarily raised by order of court.

That part of the judgment ordering the appellants to reinstate the petitioner to his position "as a permanent teacher in the Department of Physical Education of the San Bernardino Senior High School in the city of San Bernardino High School District" is modified by striking therefrom the words "the Department of Physical Education of" and, as so modified, is affirmed. That part of the judgment which orders the appellants to pay the respondent a salary of $2,550 for the 1936–37 school year is modified by striking therefrom the figures "$2550.00" and inserting in lieu thereof the figures "$2200.00" and, as so modified, is affirmed; each party to pay his own costs.

Jennings, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 14, 1937.