## Ritchie v. Dunn et al.

May 2, 1944.

J. B. Howard for appellant.

Earl R. Cooper for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Mrs. Bessie Ritchie, who had theretofore taught school in Magoffin county, was an applicant to teach in district No. 63 during the school year 1943-1944. Her application was filed in due time with the County Board of Education. The board employed Mary Dunn to teach in district No. 63, and appointed Mrs. Ritchie teacher in district No. 45. She refused to enter into a contract to teach in the school assigned to her, and on August 14, 1943, brought this action against the Magoffin County Board of Education, Jesse Carty, Superintendent of Schools, and Mary Dunn to recover damages in the sum of $600. She alleged that she held a teacher's certificate

which qualified her to teach in district 63 in Magoffin County, and that the Superintendent of Schools failed to place her application before the County Board of Education. She asked that the order of the board employing Mary Dunn be set aside; that the County Superintendent be directed to place plaintiff's name before the board; and that the board be ordered to employ her as teacher in district No. 63. The defendants filed a demurrer to the petition and, without waiving the demurrer, filed an answer in which it was alleged that the County Board of Education employed Mary Dunn as teacher for district No. 63 upon the recommendation of D. J. Carty, Superintendent of Schools of Magoffin county, and upon his recommendation appointed Bessie Ritchie as teacher for district No. 45, and that Bessie Ritchie was never recommended by D. J. Carty as teacher for district No. 63. A reply was filed and proof was taken, but when the case was submitted the court sustained the demurrer to the petition. From the judgment dismissing the petition the plaintiff has appealed.

Prior to 1943 the Magoffin County Board of Education abolished all subdistricts in its jurisdiction under authority of KRS 160.070, and, consequently, the County Superintendent has authority to nominate the teachers for the schools in the county under KRS 160.380, which provides that all appointments, promotions, and transfers of teachers shall be made only upon the recommendation of the Superintendent of Schools subject to the approval of the board. Cottongim v. Stewart, 277 Ky. 706, 127 S. W. (2d) 149. The Teachers' Tenure Act provides that upon the recommendation of the Superintendent of Schools a teacher eligible for continuing service status shall be reemployed. KRS 161.740. This does not mean that he must be employed to teach in the same school in which he taught the preceding year. Where the county is one district by virtue of consolidation and abolition of districts, the County Superintendent is given authority by KRS 160.380 to transfer teachers, subject to the approval of the board, and a teacher eligible for continuing service status may be assigned to any school in the district. The petition failed to state facts showing that the plaintiff was eligible for continuing service status in the Magoffin county school district, but, even if it had been sufficient in that respect, there is no allegation that the County Superintendent recommended her as teacher for school district No. 63

in Magoffin county or that he failed to recommend her as teacher for any other school in the county. The petition failed to state a cause of action, and the court properly sustained the demurrer thereto.

The judgment is affirmed.