A. M. Wilson, Appellee, v. Board of Education of School District Number 126 Union, et al., Appellants.

### Term No. 45F10.

Heard in this court at the October term, 1945. Opinion filed October 26, 1945. Released for publication January 17, 1946.

HARRY FAULKNER, of Granite City, and J. F. EECK, of Edwardsville, for appellants.

JESSE R. BROWN, of Edwardsville, and HOMER B. HARRIS, of Lincoln, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Madison county, Illinois entered November 3,

1944, in which a writ of mandamus was ordered issued as prayed, and judgment was entered for appellee, A. M. Wilson (hereinafter called plaintiff), as against appellants, Board of Education of School District Number 126 Union, Township 3 North, Ranges 9 and 10 West, of the 3rd Principal Meridian, in the County of Madison, State of Illinois, and Ralph Z. Miller, President of said Board of Education, et al. (hereinafter called defendants), in the sum of $6,000, with costs, and directing and requiring that the defendant, Board of Education, employ the plaintiff as superintendent of schools of a certain school district, at an annual salary of $4,800, and placing the plaintiff on contractual continued service.

The facts in the case disclose that plaintiff had been in the employ of the defendant, Board of Education of a certain school district, since 1912, when he began as a principal. He was superintendent of schools of the district for the year beginning July 1, 1942 and ending June 30, 1943, and had been superintendent of schools for each of the nine consecutive fiscal years prior to July 1, 1942. He was 59 years of age at the time of the filing of the complaint in this cause, and has a state life supervisory certificate. It was the contention of plaintiff that he now is (and has been since June 30, 1943) superintendent of schools of said district under the Teachers Tenure Law, or contractual continued service.

On April 22, 1943, defendant Board of Education, elected one Wensel L. Brown, superintendent of schools for the defendant district for the year beginning July 1, 1943, in place of the plaintiff. On June 8, 1943, defendant Board of Education elected the plaintiff as principal of the Webster school in said district, at a salary of $250 per month for the nine-month school term beginning September 1, 1943. The Board of Education never preferred any written charges as against plaintiff, and no written notice was given of

change of employment 60 days before the school term ended in June 1943. He was told orally at the meeting at which Wensel Brown was designated as superintendent, that Wensel Brown was to take his position as superintendent of schools. The contract was later forwarded to plaintiff for the principalship of the Webster school at a salary of $250 per month for nine months. Plaintiff had been receiving a salary of $400 per month as superintendent of schools. On June 7 of 1943, the plaintiff wrote a letter to the defendant, Board of Education, in which he referred to sec. 127¾ (Ill. Rev. Stat. 1943, ch. 122, par. 136c [Jones Ill. Stats. Ann. 123.161(1)]) of the School Law of Illinois, under which he contended that he continued to hold his position as superintendent of schools and informed the Board of his intention to continue his services as such superintendent, beginning July 1, 1943. On August 11, 1943, plaintiff served a written notice before suit on defendant, Board of Education, in which he made a demand for his position as superintendent of schools for the fiscal year, beginning July 1, 1943, at a salary of $4,800 per year, under the Teachers Tenure Law, and informed the Board that he was unwilling to accept any other position or salary in defendant district, and in that notice he also demanded payment of $400 for the month of July 1943.

It was contended, and is contended in this court by defendant Board of Education, that plaintiff was not dismissed from its employ and that, therefore, no notice in writing and no hearing was required; that the contractual continued service status of plaintiff did not restrict the defendant Board of Education from transferring the plaintiff from the position of superintendent to that of principal of the Webster school. It is the contention of the defendants that the court below erred in ordering the writ of mandamus entered as prayed for, and in entering the order for plaintiff as against the defendants in the sum of $6,000

and costs, being salary at the rate of $400 per month, from July 1, 1943 to and including September 30, 1944, during which time plaintiff was not in the employ of the defendant school district, but was earning and being paid $200 per month while employed by the U. S. Cartridge Company in St. Louis, Missouri.

It is specifically contended by the defendant school board that under the School Law (Ill. Rev. Stat. 1943, ch. 122, par. 136c [Jones Ill. Stats. Ann. 123.161(1)]), the Board of Education was not restricted in its power to transfer a teacher to a position which the teacher is qualified to fill, or to make such adjustments as it shall deem desirable. That section provides, however, that unless reductions in salary shall be uniform or based upon some reasonable classification, any teacher whose salary is reduced shall be entitled to notice and a hearing as therein provided in cases of certain dismissals or removals. There was no notice or hearing had in the instant case.

██ It is urged by the defendant Board of Education that the public schools were not created nor are they supported for the benefit of the teachers therein, but for the benefit of the pupils and the resulting benefits to their parents and the community at large. It is necessary, however, that the Board of Education adhere to the statutory provisions regulating the employment and transfer of teachers, and the discretion of the Board of Education must be exercised in a manner and upon notice and hearing, as specified in the Teachers Tenure Act. It has been repeatedly held that the exercise of discretionary powers under civil service and under teachers tenure statutes must be in good faith and based on actual conditions, and the courts do not approve the discontinuance or abolition of a position, or transfer, or reduction of salary where the real motive is to remove the employee from his position, without justification (*People v. Coffin*, 282 Ill. 599; *People ex rel. Gillespie v. Bundesen*, 277 Ill. App.

169). In this case the transfer of the teacher to a position of lower grade, accompanied by a reduction in salary, without notice or a hearing, constitutes a removal, and is in violation of the Teachers Tenure Act. The action of the Board in removing the plaintiff from his original position, without assigning any cause, and without notice or a hearing, was justifiably found by the circuit court to be in violation of the provisions of the Act governing such transfers or removals.

It is, likewise, contended by the defendants that in the event plaintiff was entitled to the writ ordering him to be reinstated as superintendent of schools, then the judgment for damages should not exceed $3,500, for the reason that during the period of 12½ months, from the middle of September 1943, plaintiff was gainfully employed at $200 a month, and earned approximately $2,500. We are inclined to agree with the contention of the defendants that it is not the policy of the law to award plaintiff his full compensation at $400 a month for the period during which he performed no services for the defendant Board of Education, without giving any consideration to the sums which he earned during that period of time. The $2,500 which plaintiff earned should be applied in mitigation and reduction of damages, and the judgment in the instant case should be for the sum of $3,500, or for the net sum by which the $6,000 exceeds the amount actually earned by plaintiff during the period for which he seeks compensation (*School Directors v. Birch*, 93 Ill. App. 499, 500).

This cause will, therefore, be reversed and remanded to the circuit court of Madison county with directions to enter a decree herein, modifying and changing the amount of the judgment only by reducing it by the amount which the plaintiff has been shown or will on remandment be shown to have earned during the period beginning September 14, 1943, and for the 12½ months following immediately thereafter.

*Reversed and remanded, with directions.*