59 So.2d 810

**CLARK et al. v. BEVERLY.**

l Div. 489.

Supreme Court of Alabama.
March 10, 1952.

Rehearing Denied June 26, 1952.

Pillans, Reams, Tappan, Wood & Roberts, Mobile, for appellants.

Al J. Seale, Mobile, for appellee.

LAWSON, Justice.

The circuit court of Mobile County awarded a peremptory writ of mandamus on the petition of O. B. Beverly, which commanded the Board of School Commissioners of Mobile County, the individual members of that Board, and the Superintendent of Education of Mobile County to reinstate petitioner as principal of the public grade school at Satsuma, in Mobile County.

The material facts, as alleged in the petition, are: Prior to the school term which began in September, 1951, petitioner had been continuously employed as a principal of schools in Mobile County, having served as a principal of high schools for a period of fourteen years. For nine years immediately prior to the school term which began in September, 1951, petitioner served as principal of the Satsuma public grade school, operated under the supervision of respondents, and therefore had acquired a "continuing service status" as principal under the laws of the State of Alabama. On June 12, 1951, after the completion of his services as principal of the said school for the school year 1950–1951, he was informed by the County Superintendent of Education that he would not be retained in that capacity for the school year 1951–1952, but would remain at the school in the capacity of teaching assistant principal, without any reduction in compensation. Petitioner is in all respects qualified to act as principal of the Satsuma public grade school and he has been "demoted" from his position as principal, contrary to law and without the observance of due process of law, in that he was never notified in writing of any date, time or place for the consideration of the cancellation of his continuing service status as principal and has not been furnished with a written statement of any reasons for such consideration at any time whatsoever, nor has he been given any hearing of a proposed consideration for cancelling his contract. The attempted deprivation of his right to a continuing contract under the status of principal does him irreparable harm and impairs his reputation in his profession and breaches the obligation of contract which is guaranteed to him by the laws of the State of Alabama.

Upon the filing of the petition a rule nisi was awarded, returnable on the 19th day of November, 1951. The Board demurred to the petition, assigning several grounds. Three grounds of demurrer are determinative of the rights of petitioner. They are:

"(5) The petition shows that petitioner has merely been transferred

from one position to another position, pursuant to statutory authority to that end, without any diminution in salary or compensation."

"(6) The petition shows that petitioner has been transferred from one position to another in the same school and that no change has been effected in his continuing-service status."

"(8) The petition shows on its face that what was done with reference to what petitioner styles his demotion, was within the power and authority of the Board of School Commissioners of Mobile County and not controlled by provisions of law touching the cancellation of an employment contract with a teacher on continuing service status."

The court overruled the demurrer. The respondents declined to plead further and submitted "for final judgment on the pleadings." On November 30, 1951, without hearing any evidence, the court awarded a peremptory writ.

The respondents appealed, assigning as errors the action of the court in (1) overruling the demurrer to the petition; (2) rendering judgment for petitioner; (3) ordering the issuance of the peremptory writ.

The sufficiency of a petition for mandamus may be tested by appropriate demurrer and when so, it is considered more strongly against the pleader. Such petition must establish by clear averments the facts of delinquent official conduct from which arises as a conclusion of law the respondent's legal authority and duty in the premises. Mere conclusions of the pleader, as distinguished from clearly averred facts, will not suffice and are disregarded in testing the sufficiency of the petition. State ex rel. Denson v. Howze, 247 Ala. 564, 25 So.2d 433; Hodges v. Board of Education, 245 Ala. 64, 16 So.2d 97.

As far as this appeal is concerned, the Board of School Commissioners of Mobile County corresponds to a board of education in most of the other counties of the state. In Board of School Commissioners of Mobile County v. Hahn, 246 Ala. 662, 22 So.2d 91, 94, we held that the provisions of the teacher tenure law of this state, Chapter 13, Title 52, §§ 351–361, Code 1940, as amended, are to be read into all contracts entered into by the school board of Mobile County and teachers subsequent "to the fall of 1940," to be terminated as therein provided on notice and hearing.

It is clear that under the averments of the petition, admitted on demurrer, petitioner had acquired a continuing service status under the teacher tenure law of this state. Section 351, Title 52, Code 1940, defines the term "teacher" as including all persons regularly certified by the teacher certifying authority of the State of Alabama who may be employed as instructors, principals, or supervisors in the public elementary and high schools of the State of Alabama. Petitioner's period of continuous service was more than sufficient to comply with the provisions of § 352, Title 52, Code 1940.

Petitioner below, appellee here, contends that the action of the Board of School Commissioners in refusing to return him as principal for the school year 1951–1952 and in assigning him to the position of "teaching assistant principal" amounted to a cancellation of his contract and that consequently such action was void, inasmuch as there was no compliance with the requirements of § 357, Title 52, Code 1940, as to notice, hearing, etc., which must be complied with in order legally to cancel the contract of one having a continuing service status.

Defendants below, appellants here, assert that petitioner's contract has not been cancelled, but that petitioner was transferred from one position to another under the power conferred by § 355, Title 52, Code 1940, which action could be taken without any hearing or notice to petitioner. Section 355, Title 52, supra, reads as follows:

"Any teacher on continuing service status, upon the recommendation of the superintendent, may be transferred for any succeeding year from one position, school, or grade to another without loss of status or violation of contract."

In support of his position, petitioner below, appellee here, relies upon several cases from other states.

The case of Laney v. Holbrook, 150 Fla. 622, 8 So.2d 465, 146 A.L.R. 202, did not deal with the transfer of a principal to a teaching position. It was no doubt cited for the holding of the Florida court to the effect that the right of a principal to continue in his position, at the time a charge was filed against him for the purpose of securing his ouster, was a valuable property right, of which the principal could not be deprived without due process of law.

In Wilson v. Board of Education, 327 Ill. App. 338, 64 N.E.2d 380, it was held in effect that a school district board's transfer of a district superintendent·to position of school principal at a reduced salary, without notice of hearing or assignment of cause, constituted "removal" from position as superintendent in violation of teacher tenure statute. But this holding seems to be hinged on the provisions of the Illinois statute to the effect that if a transfer will result in a reduction of salary, the teacher is entitled to a notice and a hearing. Illinois Revised Statutes, 1943, Chapter 122, § 136c; see Illinois Revised Statutes, 1951, Chapter 122, § 24–2. We have no such express statutory provision and in this case there has been no reduction in salary. It is to be noted that the Supreme Court of Illinois, without passing on this question, reversed the appellate court of Illinois on the ground that the petitioner for mandamus did not serve the required probationary period to entitle him to the benefits of the teacher tenure law. See Wilson v. Board of Education, 394 Ill. 197, 68 N.E. 2d 257.

The other Illinois case cited by counsel for petitioner below, appellee here, Biehn v. Tess, 340 Ill.App. 140, 91 N.E.2d 160, does not seem to be in point at all. The decision in that case seems to have gone off on the proposition that a superintendent-principal of a community high school district was not a teacher and was not employed under or entitled to the protection of the teacher tenure law. Prior to enactment of those provisions now incorporated in Chapter 122, § 24–2, Illinois Revised Statutes, 1951, which seem to require notice and hearing before a tenure teacher may be transferred to a position carrying a lower salary, it was held in People ex rel. McCoy v. McCahey, 296 Ill.App. 310, 15 N.E.2d 988, that a principal of a high school could be transferred to the position of principal of a grammar school at a lower salary without stated cause and without · a hearing. Such a transfer was held not to constitute "removal."

In Viemeister v. Board of Education etc., 5 N.J.Super. 215, 68 A.2d 768, there was no question of transfer of a principal to a teaching position. The Board of Education adopted a resolution which purported to abolish the position of principal and to establish the position of "teaching principal," to which position they appointed another person. The New Jersey court held that the position of principal was not in substance abolished and that the principal was entitled to reinstatement on the ground that he had been discharged without a charge and hearing. There is language in the opinion, however, which indicates that in New Jersey a principal, having obtained tenure, may not, without charges and hearing, be reduced to the rank of teacher and replaced by another as principal. As to whether salary reduction has any effect on this holding is not made to appear. The authority for this statement in the opinion is the case of Davis v. Overpeck, N.J. Sup.1913, not officially reported. We have no access to that opinion. But we note that in New Jersey the law expressly provides that a person under the protection of the tenure laws cannot be dismissed or subjected to a reduction in salary except for certain stated causes and after notice and hearing. Revised Statutes, New Jersey, 1937, 18:13–17, N.J.S.A. In Greenway v. Board of Education of City of Camden, 129 N.J.L. 461, 29 A.2d 890, 145 A.L.R. 404, the Supreme Court of New Jersey held that a transfer of a principal of a high school to the position of principal of a grammar school without reduction of salary and without affecting tenure rights gave the principal no cause of action.

In Kennedy v. Board of Education, 82 Cal. 483, 22 P. 1042, the Supreme Court of California held that the transfer of a principal of a grammar school to the position of principal of another grammar school, but of a lower grade, resulting in a diminution of salary, constituted a removal or dismissal, which could not be done except for cause. There was no statute involved similar to our § 355, Title 52, Code 1940. In the other California case cited by counsel for appellee, Anderson v. Board of Education, 126 Cal.App. 514, 15 P.2d 774, 16 P.2d 272, the Kennedy case was cited for the proposition that tenure runs to a position of employment or service of equal grade and rank to that to which the statutory classification has applied. Other California cases which hold to like effect are Hodge v. Board of Education, 22 Cal.App. 2d 341, 70 P.2d 1009; Klein v. Board of Education, 1 Cal.2d 706, 37 P.2d 74; Holbrook v. Board of Education etc., 37 Cal. 2d 316, 231 P.2d 853.

In Smith v. School District No. 18 etc., 115 Mont. 102, 139 P.2d 518, the Supreme Court of Montana held that the purpose of enacting the teacher tenure act was not merely to insure teachers teaching employment, but was to insure to tenure teachers security in the position, grade or status which they have thus attained; that to "demote" a school teacher in a town school, who had for more than three consecutive years taught upper three grades and also taught school band, by assigning him to an ungraded rural school, required the same procedure as removal or dismissal. While no emphasis was placed upon the fact that the transfer resulted in a reduction in salary, the opinion does show such a result. But again it must be noted that Montana had no statute similar to our § 355, Title 52, Code 1940.

The case of State ex rel. Bass v. Vernon Parish School Board, La.App., 194 So. 74, is distinguishable from the instant case in the same respects as is the case of Smith v. School District No. 18, etc., supra, namely, there was a reduction in salary and there was no statutory provision similar to our § 355, Title 52, Code 1940.

Because of the earnest insistence of counsel for appellee that the cases heretofore discussed from other jurisdictions are in point on the question here presented, we treated those cases somewhat in detail. However, we think we could have disposed of counsel's contention by merely saying that in each of those cases the the transfer resulted in loss of salary and in none of them was there involved a statutory provision similar to § 355, Title 52, Code 1940.

Indiana does not seem to have a statute similar to our § 355, Title 52, supra, yet the Supreme Court of that state in School City of Peru v. State ex rel. Youngblood, 212 Ind. 255, 7 N.E.2d 176, 1002, 9 N.E.2d 80, held that a superintendent of education having a tenure status could be transferred legally to the position of school principal at a smaller salary, without charges being preferred and a notice and hearing, as is required where the contract of one having tenure status is cancelled.

In Gartenbach v. Board of Education etc., 356 Mo. 890, 204 S.W.2d 273, it was held that under a statute somewhat similar to our § 355, Title 52, Code 1940, a principal could be transferred to a lower position at a reduced salary.

In Massachusetts, before a tenure teacher may be dismissed he is entitled to a statement of the charges against him, notice and hearing. But it has been held that a principal of a school may be transferred to a teaching position without compliance with the statute relating to dismissal, provided there is no reduction in salary. In the case of McCartin and Sullivan v. School Committee of Lowell, 322 Mass. 624, 79 N.E.2d 192, the Supreme Judicial Court of Massachusetts held that McCartin could not be transferred from the position of superintendent of schools to the rank of teacher in a high school; that such action was a dismissal, since the statutes of that state contrasted the words "teacher" and "superintendent." But as to Sullivan, who was transferred from the position of principal to that of teacher, it was said:

"The case of Sullivan is different. As principal of the high school he was only a superior sort of teacher. When demoted to a lower teaching position he still remained a teacher, and was not separated from the teaching force. Therefore he was not 'dismissed,' and G.L.(Ter.Ed.), c. 71, § 42, as it appears in St.1934, c. 123, did not invalidate the vote of the school committee of May 5, 1944, although there was no more notice or hearing in his case than there was in the case of McCartin. Boody v. School Committee of Barnstable, 276 Mass. 134, 177 N.E. 78; McDevitt v. School Committee of City of Malden, 298 Mass. 213, 10 N.E.2d 100; Downey v. School Committee of Lowell, 305 Mass. 329, 25 N.E.2d 738." 79 N.E.2d 194.

Oregon had a statute relating to teachers, in pertinent parts as follows:

"Section 2. The word 'teacher or teachers' as used in this act shall include supervisors and principals and instructors who are in the employ of the school district or districts specified in this act.

"Section 4. Teachers who have been employed in the schools in any such district or districts as regularly appointed teachers for not less than two successive annual terms shall by the board of directors be placed upon the list of permanently employed teachers.

"Section 5. Teachers so placed upon such list shall not be subject to annual appointment, but shall continue to serve until dismissed or discontinued in the service by the board in the manner herein provided, subject to the rules of the board concerning suspensions, but such rules shall be reasonable and for the good of such schools. *They shall serve in such positions and shall be subject to such assignments and transfer as the board may from time to time determine, or as may be provided for in its rules.*

"Section 6. Before being dismissed any teacher on the permanent list shall receive written notice, stating the reason for the proposed dismissal, together with a copy of any charges or complaints which may be filed against him or her, and upon written request filed with the clerk the teacher shall be entitled to and given a hearing before the board within ten days after said notice, with full benefit of witnesses and subpoenas issued in blank by and over the hand of the clerk therefor and the right to be represented by counsel. * * *" (Emphasis supplied.) Laws 1913, c. 37, p. 69.

A principal having a tenure status was transferred to the station of assistant teacher, with a reduction in salary. Said transfer was made without any compliance with the provisions of § 6 heretofore set out. The former principal instituted mandamus proceeding seeking to be restored to the position which she formerly held. The trial court issued a peremptory writ. In the case of Alexander v. School District No. 1 etc., 84 Or. 172, 164 P. 711, the Supreme Court of Oregon reversed, holding that the petitioner was not entitled to be restored to her former position. The Oregon court put considerable emphasis on that portion of § 5 which we have italicized above.

Kentucky has a statute somewhat similar to our § 355, Title 52, Code 1940. Kentucky Revised Statutes, 1948, 160.380. It has been held that a teacher has no right to re-employment in the same school. Ritchie v. Dunn, 297 Ky. 410, 180 S.W.2d 284. A board of education, upon recommendation of county superintendent of schools, has authority to transfer a principal of a high school to a teaching position in another high school, but cannot thereby reduce his salary. Williamson v. Cassady, 311 Ky. 666, 224 S.W.2d 934. See Board of Education of Bath County v. Hogge, Ky., 239 S.W.2d 459.

In the case of County Board of Education of Richmond County v. Young, 187 Ga. 644, 1 S.E.2d 739, the Supreme Court of Georgia was confronted with the question as to the right of the board of education to transfer a principal to the position.

of teacher in another school with reduction in salary, without notice or hearing. The board of education claimed it had the right to do so by virtue of the provisions of § 4 of Act No. 155, approved March 12, 1937, General Laws 1937, p. 1409, which section reads:

"Section 4. Assignment of work. The board of education shall have the right to assign principals and teachers to such positions as, in its judgment, are best for the school system. The said board shall also have the right to abolish any existing position at any time as, in its judgment, is best for the school system. From the decision of the board under this section there shall be no appeal, and such decision shall be final."

As pertinent here, the Georgia court held:

"(a) By virtue of sec. 4 of that act, giving to the board 'the right to assign *principals* and teachers to such positions as, in its judgment, are best for the school system,' it had the right merely to transfer her from her position of principal to that of a teacher in another school, without assigning a cause or a hearing, provided the board did not thus act merely arbitrarily, and exercised its 'judgment' as to what was 'best for the school system.' However, a demotion from one position to another, if and when accompanied by a substantial salary reduction, being in effect a removal from the original position (see 43 C.J. 801, 802, and cit.), the board had no right, without assigning any cause and without a hearing, to accompany the demotion of this petitioner with a reduction in her salary from $2200 to $1400 per annum. Accordingly, even though, under her proper remedy of mandamus, she was not entitled to a replacement in her former position as principal, in the absence of any averment or proof that the board had failed to exercise its 'judgment' under the law, the court properly ordered a restoration of her salary and payment of the earned difference, and this status would contin-

ue until she be given the notice and hearing as provided by law. The judgment granting a mandamus absolute is affirmed, with direction, that it be modified as here indicated." 1 S.E.2d 742.

Our teacher tenure law does not give any rank or preference to teachers. Instructors, principals and supervisors are included within the term "teacher." § 351, Title 52, Code 1940. They are thus on a common level, without distinction or precedence under our statute. Generally speaking, all of them who have attained a continuing service status have the privilege of serving until their contract is cancelled for the causes enumerated in § 356, Title 52, and in the manner provided by § 357, Title 52. We have held that the provisions of the teacher tenure law are to be read into the contracts between the teachers and boards of education. Board of School Commissioners of Mobile County v. Hahn, 246 Ala. 662, 22 So.2d 91. Hence, the terms and provisions of § 355, Title 52, relating to transfer of teachers, which term includes principals, are read into such contracts.

Appellee would have us construe § 355, Title 52, as authorizing the transfer of a tenure teacher only to a similar position or rank in another school. If that had been the intention of the legislature, the word "position" might well have been omitted from the section. We think the language of the section plainly makes all "teachers," as that term is defined, subject to the direction of the board of education, following the recommendation of the county superintendent, as to the position in which they shall serve during any succeeding year. The words "without loss of status" as used in § 355, Title 52, cannot reasonably be said to limit the right to transfer only to a similar rank or position. To us these words clearly indicate that a transfer from one position to another position or from one school to another school or from one grade to another grade can be made without in any wise jeopardizing a teacher's continuing service status.

A transfer of a teacher on continuing service status is not a cancellation of his

contract, but is in fact a recognition of that contract. Hence, the provisions of §§ 356 and 357, Title 52, which relate to the grounds for cancellation and the procedure to be followed have no application.

The appellee claims under what might be termed his statutory contract. His right to the relief prayed for is not founded on the provisions of any written contract. He does not allege that his transfer was not made by the Board of School Commissioners upon the recommendation of the County Superintendent. He has received no reduction in salary.

Under such circumstances, we are of the opinion that the demurrer to the petition should have been sustained and the whole contention settled in that manner.

The judgment of the trial court overruling the demurrer is reversed and one will be here rendered sustaining the demurrer. The judgment awarding the peremptory writ of mandamus is reversed and the cause is remanded.

Reversed, rendered and remanded.

BROWN, FOSTER, SIMPSON, and STAKELY, JJ., concur.

### On Rehearing

LAWSON, Justice.

On application for rehearing appellee has called to our attention an act of the 1951 legislature amending § 352, Title 52, Code 1940, which act became effective upon its approval by the Governor on September 11, 1951. Gen. Acts 1951, Vol. 2, p. 1408; § 352, Code 1940, as amended, 1951 Pocket Part, Vol. 8, p. 28. This act was not brought to our attention on original submission. As amended, § 352, Title 52, Code 1940, is made to read:

"Any teacher in the public schools, who shall meet the following requirements, shall attain continuing service status: (a) Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be re-employed in such county or city school system the succeeding school year. *An instructor who has attained continuing service status and who is promoted to principal or supervisor shall serve for three consecutive school years as a principal or supervisor before attaining continuing service status as a principal or supervisor.* Such promotion shall in nowise jeopardize the continuing service status of the teacher as an instructor; and, should the promoted instructor not be retained as principal or supervisor, his salary would be reduced to the salary paid instructors in accordance with the prevailing salary schedule in the county or city school system." (Emphasis supplied.)

The conclusion we reached in our original opinion was based in the main on the construction we placed on the Teacher Tenure Law, unaware of the 1951 amendment, supra, to the effect that it does not give any rank or preference to teachers; that instructors, principals and supervisors are included within the term "teacher"; that they are on a common level without distinction or precedence under our statute.

Appellee was reduced from principal to "assistant teaching principal" in June of 1951, which was prior to the effective date of the amendatory act of 1951, supra, but counsel for appellee in brief here filed in support of application for rehearing argue that it shows a legislative interpretation of the teacher tenure law which is in conflict with the construction which we placed thereon in our original opinion, and hence we should grant application for rehearing and affirm the judgment of the trial court. It is argued in effect that the part of the 1951 act which we have italicized above shows a legislative recognition of the fact that the existing statutes relating to teacher tenure gave all principals a tenure of position or a continuing service status as principal, and that the purpose of the amendatory act was to take that status away from principals who have been promoted to that position from the position of instructor until they have served. for three consecutive years as principal.

We construed the tenure law as it existed at the time appellee was trans-

ferred from principal to "assistant teaching principal." In doing so we sought to arrive at the intention of the legislature which enacted the law. We believe we correctly arrived at that intention. The fact that another legislature may have placed a different construction on that law subsequent to the time appellee was transferred is not cause for us to abandon the construction we placed on the law as it existed prior to the amendment. In Feagin v. Comptroller, 42 Ala. 516, it was said: " * ,* * But the intention of one legislative body in the use and application of the term, in an act passed by it, is not conclusive as to the intention of another and different legislative body in the use of the term in the passage of another and different act * * *." 42 Ala. at page 522.

Opinion extended and application for rehearing overruled.

BROWN, FOSTER, SIMPSON, and STAKELY, JJ., concur.