**MARSHALL, Superintendent, et al.
v. CONLEY.**

Court of Appeals of Kentucky.
June 5, 1953.

Earl R. Cooper, Salyersville, for appellants.

Marcus Mann, Salyersville, Bruce Stephens, Jr., Hazard, for appellee.

CULLEN, Commissioner.

The superintendent of schools and the board of education of Magoffin County have appealed from a judgment which directed them to grant a continuing teacher's contract to the appellee, Walter Conley, and to reinstate Conley in a teaching position in the county high school. The judgment was entered after a demurrer to Conley's petition had been overruled and the defendants had declined to plead further.

The litigation arose out of the action of the superintendent and board of education in assigning Conley to teach in an elementary school for the school year 1952–1953. Prior to that time, Conley had served for 15 years in the various capacities of principal, assistant principal or teacher in the high school of the district. He had been a teacher for many years but had not taught in an elementary school since 1931. However, his teacher's certificate authorized him to teach in either elementary or secondary schools.

Conley was notified on July 10, 1952 that he was to teach at the elementary school, the term of which began on July 21. In his original petition in this action against the superintendent and the school board, which was filed on July 21, he alleged that he would teach in the elementary school, "if necessary, but under protest." However, in an amended petition filed on August 4, he alleged that he had taught in the school for the first week of the term, and "that it was evident to this plaintiff that the transition from the secondary school system to the elementary school system was too great and that for him to continue would be an injustice both to the pupils of the district and to himself, whereupon he notified the defendant Superintendent that he did not accept said School and, therefore, was not teaching it."

It is Conley's contention that he is entitled to a continuing contract for service in the high school, and that the board could not transfer him to an elementary school.

Under our decisions, it is clear that the fact that a teacher holds a continuing contract does not prevent the board of education from transferring him from one school to another, or from one class of teaching position to another, at least where the contract does not expressly specify the school and class of position in which the teacher is to be employed. Ritchie v. Dunn, 297 Ky. 410, 180 S.W.2d 284; Williamson v. Cassady, 311 Ky. 666, 224 S.W.2d 934; Board of Education of

Bath County v. Hogge, Ky., 239 S.W.2d 459. Conley does not contend that he has a continuing contract entitling him to teach in the high school, but only that he is entitled to one by reason of his qualifications and previous service. As we view it, the question of whether he is entitled to a continuing contract is immaterial, as concerns the right of the school board to transfer him from one school to another or from one class of position to another.

Under authority of the Ritchie, Williamson and Hogge cases, the superintendent and board of education of Magoffin County were entitled to assign Conley to teach in an elementary school.

■ Conley contends that he had seniority rights to teach in the high school, under the provisions of KRS 161.800. However, we construe that statute as dealing with seniority only as it affects *employment* and not as it affects *position*.

■ Although Conley's main contention was that he was entitled to teach in the high school, he further maintains that in any event he is entitled to a continuing contract for employment in the Magoffin County school system. In view of the fact, as alleged in his amended petition, that he has declined to teach in the elementary school because he is unable to perform the service adequately, he is in the position of having breached any kind of contract to which he might claim himself entitled. Accordingly, we do not reach the question of what kind of contract he should have been given. See Commonwealth ex rel. Wesenberg v. School District of City of Bethlehem, 148 Pa.Super. 250, 24 A.2d 673.

■ In passing, we think it is appropriate to comment on the allegation in Conley's petition that none of the teachers in the Magoffin County school system have ever been given any kind of a contract. If this is true, it casts serious reflection upon those charged with the administration and enforcement of the school laws. KRS 157.020 provides that the Common School Fund shall be used only for the purpose of paying teachers of the common schools *"legally* qualified and *employed"* (our emphasis). KRS 157.050 directs that the Common

School Fund be distributed "when the districts have fully complied with the school laws and rules and regulations of the State Board of Education." It would be most desirable for the State Department of Education to use the means at its disposal to see that the provisions of the Teachers' Tenure Law, KRS 161.720 to 161.810, are observed.

The judgment is reversed, with directions that it be set aside and an order entered sustaining the demurrer to the plaintiff's petition.