HOLMES, Judge.
This is a case involving the state teacher tenure laws.
The Alabama State Tenure Commission (Commission) appeals from the trial court’s order setting aside the decisions of the Commission and the Choctaw County Board of Education (Board). We reverse.
The record reveals the following: The appellee (director) was promoted to the position of director of a vocational school in 1975, after approximately twenty years of service as an agribusiness teacher. The vocational school which the director supervised had the capacity to house ten instructors. Prior to the 1985-86 school year, there were eight full-time instructors at the school. That number had been reduced to three instructors at the time of this controversy.
The Board informed the director prior to the 1986-87 school year that, due to financial constraints facing the county school system, it intended to transfer him to teach three classes a day in agribusiness at the county high school. He was to teach from 11:30 A.M. to 3:00 P.M. each day, while continuing in his position as director of the vocational school, and his salary was to remain at its present level.
The director requested a hearing before the Board regarding the proposed transfer. A hearing was held, and the Board upheld the transfer of the director. The Board gave as its reasons for the transfer the reduction of personnel at the vocational school due to financial constraints and the retirement of an agribusiness teacher at the high school. The record shows that the transfer of the director to fill that position would save the school system approximately $18,000.
The director appealed to the Commission, which affirmed the Board’s action. He then petitioned for a writ of mandamus in the circuit court to set aside the previous decisions of the Commission and the Board.
*51 The circuit court reversed those previous decisions and held the following: the proceedings against the director were not in the nature of a transfer, but amounted to a modification or termination of his contract as director of the vocational school; the proceedings were not a transfer from one position, school, or grade to another and, therefore, failed as an attempt to transfer; and the decisions of the Commission and the Board were unjust.
The Commission appeals, contending that the trial court erred in so ruling and is due to be reversed. In essence, the Commission argues that the transfer met the statutory requirements of § 16-24-5, Ala.Code (1975) (1987 Repl.Yol.), and that the Commission’s decision in upholding the transfer was not so unsupported by the evidence as to be arbitrary and unjust. We agree.
On appeal from the State Tenure Commission, the standard of review for the circuit court, as well as for the Court of Civil Appeals, is appellate in nature; the Commission’s conclusions and judgments will not be reversed on appellate review as being unjust unless they are against the preponderance of the evidence and the overwhelming weight of the evidence. Alabama State Tenure Commission v. Singleton, 475 So.2d 185 (Ala.Civ.App.1984).
Thus, a decision of the Tenure Commission is subject to judicial review on two limited issues: whether the statutory procedural requirements were complied with and whether there was sufficient evidence before the Commission to support the decision. Franklin v. Alabama State Tenure Commission, 482 So.2d 1214 (Ala.Civ.App.1985).
Section 16-24-5 reads as follows:
“Any teacher on continuing service status, upon the recommendation of the superintendent and the approval of the employing board of education, may be transferred for any succeeding year from one position, school or grade to another by being given written notice of such intention to transfer by the employing board; except, that such transfer shall be without loss of status or violation of contract, and such transfer may not be for political or personal reasons.”
It has long been the law that the above statute is read into the contracts between teachers and boards of education. Clark v. Beverly, 257 Ala. 484, 59 So.2d 810 (1952). The fact of such inclusion of the statute in teachers’ contracts was cited in the above lengthy decision as part of the rationale in support of a school board’s transfer of a principal on continuing service status to the position of teaching assistant principal without any reduction in salary. Clark, 257 Ala. 484, 59 So.2d 810.
In so ruling, the court made the following pertinent observations:
“Appellee would have us construe [§ 16-24-5] as authorizing the transfer of a tenure teacher only to a similar position or rank in another school. If that had been the intention of the legislature, the word ‘position’ might well have been omitted from the section. We think the language of the section plainly makes all ‘teachers,’ as that term is defined [which also includes ‘principals’], subject to the direction of the board of education, following the recommendation of the county superintendent, as to the position in which they shall serve during any succeeding year. The words ‘without loss of status’ as used in [§ 16-24-5] cannot reasonably be said to limit the right to transfer only to a similar rank or position. To us these words clearly indicate that a transfer from one position to another position or from one school to another school or from one grade to another grade can be made without in any wise jeopardizing a teacher’s continuing service status.
“A transfer of a teacher on continuing service status is not a cancellation of his contract, but is in fact a recognition of that contract.”
Clark, 257 Ala. at 490-91; 59 So.2d at 816.
Similarly, in Marshall County Board of Education v. State Tenure Commission, 291 Ala. 273, 280 So.2d 114 (1973), the supreme court held that the transfer of a tenured school principal to the position of instructor and assistant coach was without *52 loss of status or violation of contract; that the continuing service status as a principal was unimpaired; and that the “status” applies to continuing service status and basic salary and not to the same position in another school.
Given such case law on the subject, we cannot agree with the trial court’s conclusion that the new duties given the director constituted a modification or termination of his contract as director of the vocational school, rather than a transfer from one position to another position pursuant to § 16-24-5.
Instead, our review of the record supports the Commission’s characterization of the proceedings in this case as noted succinctly in brief:
“Mr. Ezell’s transfer was simply a change of position from director of Tom Orr Area Vocational School to the position of Director-instructor, a change necessitated by financial constraints and the director’s concommitant reduced responsibilities and duties. The fact that Mr. Ezell’s responsibilities and duties had decreased is uncontested as Mr. Ezell’s own testimony reflects. Mr. Ezell’s salary was not reduced; therefore, there was no change of his status or salary or violation of his contract.”
In short, the Commission’s decision in this case was in compliance with statutory requirements, and the record is in support thereof.
This case is, therefore, reversed and remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
BRADLEY, P.J., and INGRAM, J., concur.