ALMON, Justice.
This case is about the teacher tenure laws, Ala.Code 1975, § 16-24-1 et seq.
Estell Ezell filed a petition for a writ of mandamus in circuit court requesting that the court order the Alabama State Tenure Commission (“the Commission”) to vacate its order affirming the action of the Choctaw County Board of Education (“the Board”). The trial court granted the writ and the Commission appealed to the Court of Civil Appeals, which reversed the judgment of the trial court, 545 So.2d 50 (1988). Ezell petitioned this Court for a writ of certiorari.
In 1975, Ezell was employed as the director of the Tom Orr Area Vocational School in Butler, Alabama. He attained tenured status in that position and continued to be employed as director until, on June 27, 1986, the Board sent him the following letter:
“This correspondence is to advise you that in its meeting of June 26, 1986 upon the recommendation of the Superintendent, the Choctaw County Board of Education voted its proposed intention to transfer and assign you to Choctaw County High School for three periods a day beginning at 11:30 a.m. and ending at 3:00 p.m. commencing October 1, 1986 to teach agribusiness for the 1986-87 school term.
“The Choctaw County Board of Education in the same motion where it voted its proposed intention to transfer you as stated above voted that you maintain your present title as Director of Tom Orr Area Vocational School and further voted to continue to pay you at your present level of compensation.”
Ezell requested a hearing before the board, at which he argued that the purported transfer was a modification or cancellation of his existing contract and was therefore invalid. The Board then voted to make the transfer final; Ezell appealed to the Commission, which heard his arguments and affirmed the board’s action. Ezell then instituted this action.
The question presented for review is whether the Court of Civil Appeals erred in holding that the addition of teaching duties three periods per day at a separate school while maintaining Ezell as the tenured director at Tom Orr was a transfer and not a modification or termination of his contract as director.
Ala.Code 1975, § 16-24-5, states:
“Any teacher on continuing service status, upon the recommendation of the superintendent and the approval of the employing board of education, may be transferred for any succeeding year from one position, school or grade to another by being given written notice of such intention to transfer by the employing board; except, that such transfer shall be without loss of status or violation of contract, and such transfer may not be for political or personal reasons.”
Teacher tenure law is to be construed liberally in favor of teachers, who are its primary beneficiaries. Ex parte Oden, 495 So.2d 664 (Ala.1986); Berry v. Pike County Bd. of Ed., 448 So.2d 315 (Ala.1984); Board of Ed. of Marshall County v. Baugh, 240 Ala. 391, 199 So. 822 (1941).
Ezell contends that the purported transfer violates his contract by giving him additional duties at Choctaw County High School without a corresponding reduction of his duties at Tom Orr. The Commission maintains that the Board merely transferred Ezell from one position, vocational director, to another, a combined vocational director/agribusiness instructor position.
The Commission relies principally upon evidence that, because of financial constraints and declining enrollment at Tom Orr, the number of instructors there had been reduced from eight to three. It presented evidence that an agribusiness instructor had retired from his position at Choctaw County High School and that the superintendent had calculated that the Board could save $18,000 per year by giv *54 ing the proposed additional duties to Ezell rather than hiring another agribusiness instructor.
However, the superintendent of education, Toreatha Johnson, testified as follows:
“He has overall administration of the Tom Orr Vocational School, which comprises the areas I named earlier. He has to supervise the activities, he has to evaluate teachers, he has to arrange for the general operating of the center.
“Q. Is he also responsible, for example, for the discipline of students?
“A. Right. I would consider that as part of the operating.
“Q. And is he also responsible for involvement, say, in extracurricular activities like community relations and things of that nature?
“A. I would assume. Right. As an administrator, anyone who works with the public would have....
[[Image here]]
“Q. [Are] the Tom Orr Area Vocational Center and the Choctaw County High School located on the same side of town?
“A. No. They are not.
“Q. In fact, Mrs. Johnson, they are located on opposite sides of the town, are they not?
“A. That’s correct.
“Q. And in order for one to work at Tom Orr Area Vocational Center for a part of the day and then at the Choctaw County High School for part of the day, you would actually have to travel for some distance, wouldn’t you?
“A. That’s correct.”
Mrs. Johnson also testified that the duties of an agribusiness instructor included serving as sponsor of the high school’s Future Farmers of America Club and assisting students with farming projects. She did testify, however, that when she suggested the proposed “transfer” to the Board she intended that the high school’s other agribusiness instructor would perform these extracurricular functions.
In Clark v. Beverly, 257 Ala. 484, 59 So.2d 810 (1952), Beverly was transferred from the position of principal to the position of teaching assistant principal. This Court held that the transfer did not violate Beverly’s contract and was valid under the applicable statute. We note that the present distinctions between tenure as an instructor and tenure as a principal did not exist when the events at issue in Clark occurred. See Ala.Code 1975, § 16-24-2.
In Marshall County Bd. of Ed. v. State Tenure Comm’n, 291 Ala. 273, 280 So.2d 114 (1973), Baugh was transferred from the position of principal at one school to the position of teacher and coach at another school. This Court held that “ ‘status’ applies to continuing service status and basic salary and not to the same position in another school,” citing Clark v. Beverly.
Finally, in Alabama State Tenure Comm’n v. Shelby County Bd. of Ed., 474 So.2d 723 (Ala.Civ.App.1985), the Court of Civil Appeals held that a transfer from high school principal to elementary school principal did not violate § 16-24-5, even though the transfer involved a reduction in pay. The Court of Civil Appeals noted that no issue was raised as to the applicability of § 16-24-3.
Section 16-24-3 provides in pertinent part:
“The contract of employment of any teacher who shall attain continuing service status shall remain in full force and effect unless superseded by a new contract signed by both parties, or cancelled as provided in section 16-24-9 or 16-24-10.”
Ezell’s main contention, of course, is that the addition of teaching duties at the high school without transferring him from his position as director of the vocational school is a modification of his contract, i.e., that his 1985-86 contract was not kept “in full force and effect,” § 16-24-3, and that the “transfer” was a “violation of [his] contract,” § 16-24-5.
The Commission argues that Ezell’s situation is the same as that of the teachers in Clark, Marshall County, and Shelby County. We disagree. In each of those *55 cases, the party involved was relieved of the duties and responsibilities of one position and assumed the duties and responsibilities of a second position. In this case, the Board did not propose to relieve Ezell of his duties and responsibilities as director at Tom Orr; rather, the Board proposed that he retain those duties and assume the duties and responsibilities as agribusiness teacher at Choctaw County High School. In effect, Ezell was given a second separate position in addition to his position as director at Tom Orr. This amounts to more than a transfer from one position to another and is in violation of § 16-24-5. We are aware of the difficulties encountered by boards of education in providing educational services, but we must uphold legislative policy.
We hold, therefore, that the Court of Civil Appeals erred in reversing the trial court’s judgment granting Ezell’s petition for a writ of mandamus.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
HOUSTON, J., dissents.