24

65 So.2d 504

### TRAWEEK v. PITTMAN et al.

#### 4 Div. 715.

Supreme Court of Alabama.

May 21, 1953.

J. W. Hicks, Enterprise, for appellant.

C. L. Rowe and J. C. Fleming, Elba, for appellees.

MERRILL, Justice.

This is an appeal from a judgment of the circuit court denying petitioner's prayer for a peremptory writ of mandamus.

The petitioner and appellant here, Mr. Traweek, is a junior high school principal in Coffee County. For three years he had served under contract with the county board of education as principal of the Mt. Pleasant school, and there is no question but that he had attained continuing service status under the Teacher Tenure Law, Code 1940, Title 52, Chapter 13. The Mt. Pleasant school was a nine teacher unit school. On the 2d day of May, 1949, the trustees of the Mt. Pleasant school reported in writing to the Board of Education and the Superintendent of Education of Coffee County, appellees, here that they had conducted a public election in the Mt. Pleasant community to determine whether the patrons desired to have Mr. Traweek as principal of the school for the next ensuing year, and that a majority of the patrons favored his transfer to another school. On the 27th day of May, 1949, at a regular meeting of the county board of education the matter of the transfer of Mr. Traweek from the school was considered at an open hearing, at which Mr. Traweek and his sponsors, the trustees and their sponsors were present and participated. At that time there was a written request signed by the trustees of the Pine Level school requesting that Mr. Traweek be transferred to their school as principal. The county board concluded that it was to the best interests of all concerned to transfer Mr. Traweek from the principalship at Mt. Pleasant to the principalship at the Pine Level

school for the year 1949–50. The Pine Level school was a five teacher unit school.

At each school Mr. Traweek received the same base pay plus an additional $90 for coaching. There was a difference in his teacher supplement pay of $237 per year. That is, because there were more teachers at the Mt. Pleasant school than at the Pine Level school, his salary at the Pine Level school would be $237 less annually than at the Mt. Pleasant school.

Mr. Traweek agrees that the school board has the power and authority to transfer him from the Mt. Pleasant school to the Pine Level school, but he contends that the Board of Education of Coffee County is without power and authority to pay him less than the base salary, coaching supplement and teacher unit supplement, which would have been paid him had he remained as principal at Mt. Pleasant school.

The appellees sought the advice of the Attorney General and the State Department of Education. They received no advice, and for the years 1949–1950 and 1950–1951 Mr. Traweek was paid as if he were principal of a nine teacher school. During the year 1950–1951 the county board of education received instructions from the State Board of Education that Mr. Traweek ought not to be paid from school funds for his services as principal of the five teacher unit school on the basis of nine teacher unit school. Mr. Traweek was so notified, and thereupon he refused to sign a contract at reduced salary. He and the county board agreed that he could institute legal proceedings to test his contention in the courts. It is agreed that Mr. Traweek is being paid the same amount as all other principals of five teacher unit schools in Coffee County who are in the same length of service classification and degree classification that Mr. Traweek is in, and that said compensation is in conformity with the salary schedule adopted by the State Department of Education of Alabama for teachers in the public schools of Alabama.

The following is quoted from appellant's brief: "The sole question involved in this cause is whether or not the board, upon its lawful transfer of Ed Traweek, the appellant in this cause, upon the recommendation of the county superintendent of education, from a nine teacher unit school to a five teacher unit school, must thereafter continue to compensate him after his transfer in the same amount that he would actually have received had he continued to teach in the school from which he was transferred, a nine teacher unit school, during the year 1949–50, even though he had been and is yet in a five teacher unit school."

The appellant and appellees cite one case, that of Clark v. Beverly, 257 Ala. 484, 59 So.2d 810, 816. The appellant cites the case because the salary of the teacher remained the same after transfer. The appellee cites the case for this purpose: "A transfer from one position to another position or from one school to another school or from one grade to another grade can be made without in any wise jeopardizing a teacher's continuing service status. A transfer of a teacher on continuing service status is not a cancellation of his contract, but is in fact a recognition of that contract."

There is no contention of either of the parties to this controversy that section 356 of Title 52, Code, is applicable to either party.

Section 355 of Title 52, Code, reads as follows:

"Any teacher on continuing service status, upon the recommendation of the superintendent, may be transferred for any succeeding year from one position, school, or grade to another without loss of status or violation of contract."

It is agreed by both parties that the law applicable in the case of Clark v. Beverly, supra, is applicable here because the rights of the parties were fixed prior to the amendment to section 352, Title 52, Code, in 1951.

We cannot agree with appellant's contention. Section 62, Title 52, Code 1940, reads in part as follows:

"The general administration and supervision of the public schools of the educational interests of each county * * * shall be vested in the county board of education."

It was in the exercise of this power that the transfer of Mr. Traweek was made: his base pay remained the same, his coaching supplemental pay remained the same, and the only difference was that he became principal of a five teacher unit school instead of a nine teacher unit school. This was a matter which was merely incidental to the principalship. Actually the Mt. Pleasant school was a ten teacher unit school the last year that Mr. Traweek taught there. The following year it was reduced to a nine teacher unit school. Mr. Traweek makes no claim that he should be paid on a ten teacher unit instead of a nine teacher unit.

We do not think it was the intent of the legislature to imply a construction whereby after a principal once attained continuing service status in a ten teacher unit school that he would always be entitled to be paid on that basis regardless of whether or not he should be transferred to a smaller teacher unit school. To hold otherwise would make ineffectual section 354, Title 52, Code, which is as follows:

"The salary or compensation of any teacher on continuing service status may be changed for any succeeding year to accord with a general salary schedule adopted by the employing board of education; provided, however, that no salary schedule shall operate to compensate teachers in less sums than the sums contained in a minimum salary schedule, which may be adopted by the state board of education of Alabama for teachers in the public schools of the state."

The action of the trial court in denying the prayer for the peremptory writ for mandamus was correct.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.