280 So.2d 107

## The MARSHALL COUNTY BOARD OF EDUCATION of Marshall County, Alabama

### v.

## STATE TENURE COMMISSION for the State of Alabama.

8 Div. 67.

Court of Civil Appeals of Alabama.

July 5, 1972.

Rehearing Denied Aug. 23, 1972.

See also, Ala.Civ.App., 50 Ala.App. 427, 280 So.2d 123.

For opinion after remand, see Ala.Civ. App., 50 Ala.App. 426, 280 So.2d 119.

For opinion after remand, see Ala. Civ.App., 50 Ala.App. 733, 280 So.2d 122.

T. J. Carnes, Albertville, for appellant.

Lusk & Lusk, Louis B. Lusk, Guntersville, Sp. Asst. Atty. Gen., for State Tenure Comm., appellee.

**420**

Bishop & Carlton and Donald B. Sweeney, Jr., Birmingham, for Ala. Assn. of School Boards, amicus curiae.

Truman Hobbs, Montgomery, for Ala. Education Assn., Inc., amicus curiae.

HOLMES, Judge.

This is an appeal from the Marshall County Circuit Court, Albertville Division. The appellant, The Marshall County Board of Education, by petition and amendments thereto, petitioned the trial court to grant an alternative writ of mandamus or rule *nisi* directed to the State Tenure Commission to set aside or reverse the Tenure Commission's decision declaring the action of the Marshall County Board of Education transferring one Arthur Baugh from principal of Albertville High School to teacher and assistant coach null and void.

The facts revealed the following: One Arthur Baugh, in the summer of 1964, was hired by the Marshall County Board of Education from a sister state to be the chief administrative official of Albertville High School, a school of some twelve hundred plus students. Thereafter, difficulties arose between Mr. Baugh and the elected Superintendent of Education of Marshall County and the Board of Education, itself. These difficulties culminated in the transfer by the Marshall County Board of Education of Mr. Baugh from his position of principal to the position of teacher and assistant coach at Douglas High School.

The trial court ruled that the State Tenure Commission's decision setting aside the transfer of Mr. Baugh by the Marshall County Board of Education was not unjust and denied the relief prayed for by appellant. In reaching its conclusion, the trial court stated that the State Tenure Com-

mission complied with the provisions of Chapter 13 of Tit. 52, 1940 Code of Alabama (Recompiled 1958), and its decision was not unjust. The trial court, in its order, referred to Tit. 52, § 361, of the Code. Tit. 52, § 361, reads as follows:

"The action of the state tenure commission in reviewing transfers of teachers or cancellation of teacher contracts, if made in compliance with the provisions of this chapter, and unless unjust, shall be final and conclusive. Whether such action complies with the provisions of this chapter and whether such action is unjust, may be reviewed by petition for mandamus filed in the circuit court of the county where said school system is located."

Appellant brings to this court some eight assignments of error. There are three assignments of error that this court determines to be dispositive of the issues in the case. 1. Did Arthur Baugh have continuing service status or tenure when the Marshall County Board of Education ordered his transfer? 2. Does Tit. 52, § 352, give to a teacher who attains the continuing service status or tenure of principal or supervisor status as such principal or supervisor so that such person may not be transferred from the status as such principal or supervisor to teacher or instructor? 3. Would the State Tenure Commission be justified in making a determination upon the evidence contained in the record that the proposed transfer of Arthur Baugh was grounded upon political or personal reasons?

█ If Arthur Baugh did not have status or tenure at the time of his transfer, then the trial court is in error for without tenure a teacher and/or principal may be transferred or not rehired for any reason. Tit. 52, § 352, supra, reads as follows:

"Any teacher in the public schools, who shall meet the following requirements, shall attain continuing service status: (a) Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be re-employed in such county or city school system the succeeding school year. An instructor who has attained continuing service status and who is promoted to principal or supervisor shall serve for three consecutive school years as a principal or supervisor before attaining continuing service status as a principal or supervisor. Such promotion shall in nowise jeopardize the continuing service status of the teacher as an instructor; and, should the promoted instructor not be retained as principal or supervisor, his salary would be reduced to the salary paid instructors in accordance with the prevailing salary schedule in the county or city school system. The superintendent shall, by the end of each school term, submit to the employing board a list of teachers recommended for continuing service status. A failure on the part of the superintendent to make such certification shall not in any way prejudice the continuing service status of the teacher. Provided, that when the two or more school systems are consolidated under one board of education, or when one or more schools are separated from a school system in order to become a part of or to constitute another school system, the continuing service status of the teachers involved in such changes is in no way jeopardized."

Appellant contends that Mr. Baugh, when originally hired in 1964 by the Marshall County Board of Education, was hired as an administrator and was not hired as principal until 1969 and his transfer to teacher occurred within three years of July 1969, to wit, 1970, and he therefore had not obtained tenure.

█ This court believes that the record in this case clearly reveals that while Arthur Baugh may have been designated an administrator when he was originally hired in 1964 he was clearly the principal and chief administrative officer of Albertville High School. See White v. State, 42 Ala.

App. 249, 160 So.2d 496, where a principal was defined as a teacher who is the chief executive officer and head of the teaching faculty of a particular school. Testimony shows that Arthur Baugh replaced the man who was principal. Arthur Baugh came to Albertville High School from a position as principal. Arthur Baugh called faculty meetings. The record reveals that his duties were the duties of what can only be described as a principal. Therefore, this court is of the opinion that Arthur Baugh, when first hired by the Marshall County Board of Education in 1964, while called administrator, was in fact the principal of Albertville High School and thereafter, to wit, the beginning of the school year 1968, he attained tenure within the meaning of Tit. 52, § 352, supra.

The second determinative dispositive issue as stated herein above is one that this court's research reveals has not been answered by the appellate courts of Alabama. This court is aware of the case of Clark v. Beverly, 257 Ala. 484, 59 So.2d 810, wherein the Supreme Court held that Tit. 52, § 352, etc., did not prevent a board of education from transferring a principal to assistant teaching principal because the tenure law did not give a principal status or tenure as a principal. However, in 1951 the legislature of Alabama amended Tit. 52, § 352, and this amendment was not considered by the Supreme Court of Alabama in deciding the *Beverly* case, supra. The legislative amendment of 1951 to Tit. 52, § 352, added the following:

". . . An instructor who has attained continuing service status and who is promoted to principal or supervisor shall serve for three consecutive school years as a principal or supervisor before attaining continuing service status as a principal or supervisor. Such promotion shall in nowise jeopardize the continuing service status of the teacher as an instructor; and, should the promoted instructor not be retained as principal or supervisor, his salary would be reduced to the salary paid instructors in accord-

ance with the prevailing salary schedule in the county or city school system."

█  This court feels the purpose of Alabama's teacher tenure law is to insure to those protected by its provisions a certain degree of security in their work. Board of Education of Marshall County v. Baugh, 240 Ala. 391, 199 So. 822; State Tenure Commission v. Madison County Board of Education, 282 Ala. 658, 213 So.2d 823.

█  The language added by the legislature in 1951 to Tit. 52, § 352, as set out herein above, states to this court, with clarity, that the intention of this legislature was to recognize the proposition that a teacher may attain continuing service status as a principal or supervisor. The language of Tit. 52, § 352, which reads as follows:

". . . and who is promoted to principal or supervisor shall serve for three consecutive school years as a principal or supervisor *before attaining continuing service status as a principal or supervisor*. . . ." (Emphasis added)

leads us to no other conclusion than that a teacher may attain a continuing service status as a principal or supervisor. However, the language of the 1951 amendment places certain restrictions and limitations upon the category of principal who can attain continuing service status as a principal or supervisor. The language of the statute leads this court to the conclusion that before such status may be attained the instructor must first attain continuing service status as an instructor within the system. The instructor must then be promoted within the system to principal or supervisor and serve for three consecutive school years as a principal or supervisor. Arthur Baugh does not fall within this category. To promote means to advance to a higher position an official or employee previously appointed to an office of an inferior degree; induction into a higher position as well as removal from the former subordinate position. City of Birmingham

v. Lee, et al., 254 Ala. 237, 48 So.2d 47; McArdle v. City of Chicago, 172 Ill.App. 142. Arthur Baugh was not so promoted. Arthur Baugh came into the Marshall County school system as a principal. Appellee, in his excellent brief, attempts to explain away this clear mandate from the legislature. Appellee points out the negative effects that the interpretation we place upon the statute can have upon school administration. This court is impressed with these arguments, but the mandate of the legislature is clear and this court can only interpret what the legislature places before it, it cannot legislate. Under Tit. 52, § 352, supra, Arthur Baugh did not or, indeed, could not have status as a principal or supervisor.

The third dispositive issue as stated above is simply: Could the Tenure Commission have made a determination based upon the evidence in this case that Arthur Baugh's transfer was grounded upon political or personal reasons? Tit. 52, § 355, of the Code is clear that a transfer cannot be based upon political or personal reasons. This statute reads as follows:

> "Any teacher on continuing service status, upon the recommendation of the superintendent and the approval of the employing board of education, may be transferred for any succeeding year from one position, school, or grade to another by being given written notice of such intention to transfer by the employing board, *except that such transfer shall be without loss of status or violation of contract, and such transfer may not be for political or personal reasons.*" (Emphasis added)

This court has thoroughly searched the record in this case and read the Tenure Commission's order which is as follows:

> "The Commission, therefore, is of the opinion that the transfer proposed by the Marshall County Board of Education in this case does in effect change the status and continuing service contract of Ar-

thur Baugh and such transfer is here declared null and void."

The State Tenure Commission's action in declaring the Board of Education's act of transferring Arthur Baugh null and void is based on the assumption by the Tenure Commission of the Board of Education's inability to change the status of Arthur Baugh. This we have seen is not correct under the law as this court understands it to be, and as it applies to Arthur Baugh. The State Tenure Commission's order therefore does not comply with Tit. 52, § 361, supra, and the trial court was in error in not granting the writ.

The record before this court could well have lead the Tenure Commission to conclude that Arthur Baugh's transfer was violative of Tit. 52, § 355, supra; however, it did not so rule.

For the reasons as set out above the trial court's order is in error, and the case is due to be reversed and remanded.

Reversed and remanded.

BRADLEY, J., concurs.

WRIGHT, P. J., dissents.

WRIGHT, Presiding Judge (dissenting).

The construction by the majority of this court of Title 52, Section 352 results in total inconsistency. The opinion first states that Mr. Baugh, regardless of designated title, was in fact principal of Albertsville High School from the date he was hired in the summer of 1964. I agree! The next statement is that he thereafter, to wit, the beginning of the school year 1968, attained tenure within the meaning of Title 52, Section 352.

The inconsistency follows.—Though Baugh was principal throughout his employment and attained tenure after three years, such tenure status was not that of

principal. The tenure status attained was that of instructor or teacher, a position never held by Baugh. Though he attained the tenure status of teacher or instructor by serving as principal, he may never attain tenure as principal because he was not first a teacher or instructor and attained tenure as such teacher or instructor.

It is correctly stated by the majority that the 1951 amendment to Title 52, Section 352 recognized that one may attain tenure as a principal under the Teacher Tenure Law. This is contrary to the holding of the Supreme Court in Clark v. Beverly, 257 Ala. 484, 59 So.2d 810. Of course Clark v. Beverly was decided on the words of Section 352 prior to amendment. Though recognizing that tenure as principal is authorized by statute, the majority determines that such authorization is limited to those who have come up through the ranks of the particular school system. One originally hired as principal by a particular system may never attain tenure as a principal in that system though he serves in such position until he retires. After three years he does attain tenure as teacher, but never as principal.

On the other hand, one who first attains tenure as a teacher in that system does attain tenure as principal after serving three years as principal in the system. One may have served in other systems as teacher, instructor or principal for many years, but if he is hired as principal in another system he can never attain tenure status as a principal.

Such construction of Section 352 is contrary to reason and can only result in utter chaos in the various systems of the state. It will make it difficult if not impossible for one system to hire qualified and desired principals from another system or another state, as was the case with Baugh. No one is likely to accept a position that is totally unprotected by the tenure law of the state.

It will destroy the presumed status of those who have been previously hired directly into a system as principals.

I strongly dissent from the majority opinion because such construction of Section 352 is strained and clearly not the intent of the legislature in passing the 1951 amendment.

The 1951 amendment, insofar as applicable to this case, added the following two sentences:

"An instructor who has attained continuing service status and who is promoted to principal or supervisor shall serve for three consecutive school years as a principal or supervisor before attaining continuing service status as a principal or supervisor. Such promotion shall in nowise jeopardize the continuing service status of the teacher as an instructor; and, should the promoted instructor not be retained as principal or supervisor, his salary would be reduced to the salary paid instructors in accordance with the prevailing salary schedule in the county or city school system."

It appears clear to me that the purpose of the change in the statute was to provide for attainment of a continuing service status as a principal and at the same time to protect those who had previously attained a lesser status as a teacher, from losing it while seeking to attain the higher position of principal. In the event the higher status was not attained, nothing was lost and one could remain in the system as a teacher. This obviously was intended to encourage teachers in the system to seek higher status, yet be protected from total dismissal if they failed to perform in the higher status for three years. It surely cannot be construed that the legislature by its words intended to discourage the hiring of qualified persons as principals from without the system.

I further believe that to interpret the statute in the manner of the majority is to arbitrarily discriminate against those hired as principals or supervisors without having first served as teachers in the system and thus renders the statute unconstitutional and in violation of the equal protection

clause of the Fourteenth Amendment to the Constitution of the United States. McLaughlin v. State of Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222. The clear purpose of the Teacher Tenure Law is to protect *all* the teachers of Alabama and render them secure from the arbitrary, unjust personal and political actions of *all* boards of education. It is evident that the purpose of establishing a three year period of uninterrupted service as a limitation upon dismissal, transfer or reduction in status except for cause, was to protect every teacher in every system.

To provide that a principal hired from within a system after attaining teacher tenure, may then attain principal tenure upon three years' service as principal, but that a principal hired from without the system may never attain tenure as a principal is unjust and amounts to unreasonable classification and discrimination.

"It is the duty of the court to construe a statute so as to make it harmonize with the constitution if this can be done without doing violence to the terms of the statute and the ordinary canons of construction." Board of Education of Choctaw County v. Kennedy, 256 Ala. 478, 482, 55 So.2d 511, 514; Almon v. Morgan County, et al., 245 Ala. 241, 16 So.2d 511.

I would hold that after serving as principal of Albertville High School for three consecutive years and entering into a contract for a fourth year, Baugh attained a continuing service status as a principal and was not subject to transfer except in accordance with Title 52, Section 355. For the reasons stated herein, I am compelled to respectfully dissent from the opinion of the majority.

## ON REHEARING

HOLMES, Judge.

The Alabama Association of School Boards, hereinafter referred to as Amicus Curiae, with leave granted by this court, filed an amicus curiae brief in support of the application for rehearing heretofore filed.

In its brief, Amicus Curiae requests the court to delete from our opinion the penultimate paragraph of the majority opinion which reads as rollows:

"The record before this court could well have lead the Tenure Commission to conclude that Arthur Baugh's transfer

was violative of Tit. 52, § 355, supra; however, it did not so rule."

Amicus Curiae contends that this sentence might tend to prejudice the position of appellant on remand. For this reason the above quoted sentence is deleted from the court's majority opinion.

Opinion extended and application for rehearing overruled.

BRADLEY, J., concurs.

WRIGHT, P. J., dissents.

WRIGHT, Presiding Judge (dissenting):

In view of my dissent to the original decision of the majority, I must continue my dissent to the denial of the application for rehearing. However, I agree with the majority in the deletion from the original opinion of the portion thereof stated in the extended opinion.