280 So.2d 114

## In re MARSHALL COUNTY BOARD OF EDUCATION

### v.

## STATE TENURE COMMISSION for the State of Alabama et al.

## Ex parte STATE TENURE COMMISSION for the State of Alabama et al.

### SC 109.

Supreme Court of Alabama.

Feb. 8, 1973.

Rehearing denied March 8, 1973.

Lusk & Lusk, Guntersville, for petitioner.

Louis B. Lusk, Sp. Asst. Atty. Gen., for State Tenure Comm.

T. J. Carnes, Albertville, for respondent.

MERRILL, Justice.

Petitioner Baugh seeks a review of the decision of the Court of Civil Appeals, 50 Ala.App. 418, 280 So.2d 107 on a question of first impression in this state, whether a principal of a high school, hired as such from a neighboring state, can acquire continuing service status as a principal after three successful years in the same system under our teacher tenure statute.

The Tenure Commission held that he could and did, the circuit court concurred, but the Court of Civil Appeals held that he did not.

Arthur Baugh was employed as the chief administrative official of the Albertville High School in 1964 and he served in that capacity until 1970, when the Marshall County Board of Education, hereinafter referred to as the Board, undertook to transfer him from his position as principal to the position of teacher and coach in another high school in the county.

The State Tenure Commission declared the order null and void, the circuit court agreed and the Board appealed to the Court of Civil Appeals. A majority of that court, Presiding Judge Wright dissent-

ing, held that Baugh had never been promoted from an instructor to a principal in the Marshall County system, and since he came into the system as a principal, he could never attain tenure status as a principal because he was not *promoted* to a principal in the system.

Let us lay at rest one question settled in the opinion under review. We agree with the entire Court of Civil Appeals that although Baugh was not hired under the name of "Principal," still he was in fact every year the principal of the school for the reasons set out in the opinion of the Court of Civil Appeals.

The decision in this case turns on the interpretation of Tit. 52, § 352, Code 1940, as amended. As it originally read, there was no tenure status for a principal or a supervisor other than that of a teacher. Clark v. Beverly, 257 Ala. 484, 59 So.2d 810. Section 352 was amended in 1951 and again in 1953. The last three sentences were added in 1953, but we are not concerned with them. We copy § 352 as it now appears and emphasize that part added by the 1951 amendment which is pertinent to this decision:

"Any teacher in the public schools, who shall meet the following requirements, shall attain continuing service status: (a) Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be re-employed in such county or city school system the succeeding school year. *An instructor who has attained continuing service status and who is promoted to principal or supervisor shall serve for three consecutive school years as a principal or supervisor before attaining continuing service status as a principal or supervisor. Such promotion shall in nowise jeopardize the continuing service status of the teacher as an instructor; and, should the promoted instructor not be retained as principal or supervisor, his salary would be reduced to the salary paid instructors in accordance with the prevailing salary schedule in the county or city school system.* The superintendent shall, by the end of each school term, submit to the employing board a list of teachers recommended for continuing service status. A failure on the part of the superintendent to make such certification shall not in any way prejudice the continuing service status of the teacher. Provided, that when two or more school systems are consolidated under one board of education, or when one or more schools are separated from a school system in order to become a part of or to constitute another school system, the continuing service status of the teachers involved in such changes is in no way jeopardized."

As already noted, the Court of Civil Appeals construed the section literally, and since Baugh had never been an instructor with tenure in the Marshall County system, and had never been promoted to principal in that system, he could never attain tenure as a principal. We do not think the Legislature intended such a narrow construction because we do not think it was intended that the choice of principals would be limited to the in-breeding of instructors in one particular system. A school board would not be very successful in hiring a competent principal from some other system if that principal knew he could never attain tenure as a principal in the new system. We cannot agree that the Legislature intended that one principal, hired as such, though he be successful for twenty years, could not attain a tenure status, when an instructor, who had taught for three years and then was promoted to principal and served successfully for three years, could achieve tenure as a principal so long as it was in the same system. The arbitrariness and the legal discrimination of such a holding is pointed out in Judge Wright's opinion and need not be repeated here.

One of our most quoted and long approved rules of construction, originating in

Thompson v. State, 20 Ala. 54, and quoted with approval in State v. Thames, Jackson, Harris Co., 259 Ala. 471, 66 So.2d 733, follows:

"'An interpretation should never be adopted which would defeat the purpose of the statute, if any other reasonable construction may be given to it, The Emily, 9 Wheat, 381, 6 L.Ed. 116; and that the literal interpretation of an act is not always that which either reason or the law approves. The inartificial manner in which many of our statutes are framed, the inaptness of expressions frequently used, and the want of perspicuity and precision not unfrequently met with, often require the court to look less at the letter or words of the statute, than at the context, the subject-matter, the consequences and effects, and the reason and spirit of the law, in endeavoring to arrive at the will of the law giver.'"

This quote later appeared in State v. Laidlaw, 268 Ala. 92, 105 So.2d 63 and Rodgers v. Meredith, 274 Ala. 179, 146 So.2d 308.

■ We think the Legislature intended in the 1951 amendment that any principal or supervisor could attain continuing service status after three years of successful service in the position in a system, but at the same time, if the principal or supervisor had previously attained continuing service status in that system as an instructor, he or she would not lose the status as an instructor even if he or she were not successful as a principal or supervisor. The Legislature knew, and it is common knowledge, that some of the best teachers make poor administrators and some average teachers have considerable skills in administration.

■ We, therefore, disagree with the majority opinion of the Court of Civil Appeals in its interpretation of Tit. 52, § 352, Code 1940, as amended, and hold that petitioner Baugh had continuing service status as a principal prior to the time the Board undertook to transfer him to another school.

We come now to the action of the Tenure Commission voiding the action of the Board in transferring Baugh to another school, which action was in effect affirmed by the circuit court.

The Court of Civil Appeals stated in its opinion:

"This court has thoroughly searched the record in this case and read the Tenure Commission's order which is as follows:

'The Commission, therefore, is of the opinion that the transfer proposed by the Marshall County Board of Education in this case does in effect change the status and continuing service contract of Arthur Baugh and such transfer is here declared null and void.'

"The State Tenure Commission's action in declaring the Board of Education's act of transferring Arthur Baugh null and void is based on the assumption by the Tenure Commission of the Board of Education's inability to change the status of Arthur Baugh. This we have seen is not correct under the law as this court understands it to be, and as it applies to Arthur Baugh. The State Tenure Commission's order therefore does not comply with Tit. 52, § 361, supra, and the trial court was in error in not granting the writ."

■ The Commission was in error in declaring the transfer "null and void." Those two words are synonymous and in law mean "a nothing," "of no legal or binding force or validity." Webster's New International Dictionary, 3rd Ed. This was not a proper choice of words. The action was both legal and binding when made by the Board of Education. If, after a hearing before the Board, the teacher does not appeal within fifteen days to the Tenure Commission, "the board's decision shall be final." Tit. 52, § 357, as amended.

If all the procedures required by statute relating to notice, hearing, etc., are carried out (and no one contends they were not in this case), then the action of the Board could not be a nullity of no effect, but a legal and binding adjudication. The only way provided by statute for the transfer of a teacher on continuing service status is "upon the recommendation of the superintendent and the approval of the employing board of education." Tit. 52, § 355, as amended. The transfer by the Board in this case could have been, in the opinion of the Commission, erroneous, or without good cause, or not supported by the evidence, or unjust, but not null and void. If the county governing body, the jury commission or the equalization board had attempted to transfer the teacher, the order of transfer would have been "null and void" because those organizations are without authority to transfer a teacher. But the order of the Board transferring Baugh was not "null and void."

Baugh chose to appeal the Board's order to the Tenure Commission. We know the Tenure Commission disagreed with the Board, and said that the proposed transfer "does in effect change the status and continuing service contract of Arthur Baugh * * *." We have already held in this opinion that Baugh had tenure as a principal but we cannot agree that his "status" as a tenured teacher or that his tenure contract were violated.

Title 52, § 355, Code 1940, as amended, reads:

"Any teacher on continuing service status, upon the recommendation of the superintendent and the approval of the employing board of education, may be transferred for any succeeding year from one position, school, or grade to another by being given written notice of such intention to transfer by the employing board, except that such transfer shall be without loss of status or violation of contract, and such transfer may not be for political or personal reasons."

This court has already construed § 355 in Clark v. Beverly, 257 Ala. 484, 59 So.2d 810, where it was said:

"Appellee would have us construe § 355, Title 52, as authorizing the transfer of a tenure teacher only to a similar position or rank in another school. If that had been the intention of the legislature, the word 'position' might well have been omitted from the section. We think the language of the section plainly makes all 'teachers,' as that term is defined, subject to the direction of the board of education, following the recommendation of the county superintendent, as to the position in which they shall serve during any succeeding year. The words 'without loss of status' as used in § 355, Title 52 cannot reasonably be said to limit the right to transfer only to a similar rank or position. To us these words clearly indicate that a transfer from one position to another position or from one school to another school or from one grade to another grade can be made without in any wise jeopardizing a teacher's continuing service status.

"A transfer of a teacher on continuing service status is not a cancellation of his contract, but is in fact a recognition of that contract. * * *"

See also Traweek v. Pittman, 259 Ala. 24, 65 So.2d 504.

We approve the language quoted supra. If "status" means title, then the word "teacher" as defined in § 351 to include principals is in conflict with the 1951 amendment to § 352 and one of the sections must be held to be of no effect. But each is fully viable and effective under the construction approved in *Clark,* supra.

■ There is another reason why this construction should prevail. Federal courts have an increasing propensity to the closing of entire schools in this state without providing for new ones. Each of these

closed schools had a principal. But if there is no vacancy, that principal must accept a transfer as an instructor or leave the system. If a transfer from principal to instructor is without "loss of status or violation of contract" then his continuing service status as a principal is unimpaired.

 Title 52, § 357, as amended, provides in part that a teacher may appeal the transfer action to the Tenure Commission "to obtain a decision by the commission as to whether such action was in compliance with this chapter and whether such action was taken for political or personal reasons and that such action was not arbitrarily unjust." The Commission did not comply with these statutory requirements. We have pointed out that their decision was erroneous, as were the reasons given therefor. We adopt what we say in S.C. 110, 291 Ala. 281, 280 So.2d 130, a companion case this day decided, as to the necessity for the Tenure Commission to state reasons in their decision when they reverse the action of a board of education. If they affirm, then a reason that "the evidence sustained the action of the board and said action was not arbitrarily unjust" is sufficient.

Summarizing, we hold that the action of the Board in transferring Principal Baugh to another school in the system as an instructor was not "null and void"; that the transfer is allowed under Tit. 52, § 355 as amended, provided the "transfer shall be without loss of status or violation of contract"; that the "status" applies to continuing service status and basic salary and not to the same position in another school, Clark v. Beverly, 257 Ala. 484, 59 So.2d 810; and that the Tenure Commission, when it overturns an action of the county board of education transferring a tenured teacher (including a principal), should give some reasons to support the general statutory grounds, such as "arbitrarily unjust" and "political or personal reasons."

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court. It may be that that court will go into the evidence and state the reasons why it finds whatever it may find; or that it will follow in this case the method we followed in 291 Ala. 281, 280 So.2d 130 and reverse and remand through the circuit court to the State Tenure Commission. The decision as to how to handle this case on remandment to the Court of Civil Appeals is fully within the discretion of that court.

Reversed and remanded.

HEFLIN, C. J., and HARWOOD, BLOODWORTH, MADDOX, McCALL, FAULKNER and JONES, JJ., concur.

COLEMAN, J., concurs in the result.