280 So.2d 119

The MARSHALL COUNTY BOARD OF EDUCATION of Marshall County, Alabama

v.

STATE TENURE COMMISSION for the State of Alabama.

8 Div. 67

Court of Civil Appeals of Alabama.

March 21, 1973.

Rehearing Denied April 4, 1973.

For opinion after remand, see Ala.Civ. App., 50 Ala.App. 733, 280 So.2d 122.

HOLMES, Judge.

The prior majority opinion of this court, 50 Ala.App. 418, 280 So.2d 107 having been reversed and remanded to this court, and in compliance with the supreme court's decision, this cause is now remanded to the circuit court with directions for that court to remand the cause to the Tenure Commission with directions that the Tenure Commission make definite findings as to whether or not the transfer of Arthur Baugh was such a transfer as to change his "status" as defined by the supreme court. Further, if the action of the Board of Education in transferring Arthur Baugh was for political or personal reasons, or unjust, the Tenure Commission should state the basis for their findings as directed by the supreme court in 291 Ala. 273, 280 So.2d 114.

Reversed and remanded with directions.

WRIGHT, P. J., and BRADLEY, J., concur.

ON REHEARING

HOLMES, Judge.

The Marshall County Board of Education, in its application for rehearing and brief in support thereof, contends that in that portion of our opinion remanding this cause to the circuit court with directions that the circuit court remand the cause to the Tenure Commission to determine if the "status" of Arthur Baugh had been changed, we are in conflict with the decision, in this matter, of the supreme court.

Able counsel bases his contention on his belief that the supreme court, in its decision,

determined that a transfer in this instance did not change Arthur Baugh's status. We do not agree.

The supreme court ruled in 291 Ala. 273, 280 So.2d 114 (1973) that "status" applies to continuing service status and basic salary and not to the same position in another school. The supreme court did not determine whether or not Arthur Baugh's basic salary is or would be the same after transfer nor has this court. This is a determination for the Tenure Commission or the parties themselves.

Opinion extended and application for rehearing denied.

WRIGHT, P. J., and BRADLEY, J., concur.

For opinion after remand, see 50 Ala. App., 733, 280 So.2d 139.