280 So.2d 120

### In re MARSHALL COUNTY BOARD OF EDUCATION

v.

### STATE TENURE COMMISSION for the State of Alabama et al.

### Ex parte Marshall County Board of Education.

### SC 331.

Supreme Court of Alabama.

June 7, 1973.

T. J. Carnes, Albertville, for petitioner.

Lusk & Lusk, Guntersville, for respondents.

Louis B. Lusk, Sp. Asst. Atty. Gen., for the State Tenure Comm., respondent.

BLOODWORTH, Justice.

We granted a petition for writ of certiorari filed by petitioner, Marshall County Board of Education, seeking review of a decision of the Court of Civil Appeals [M.S. March 21, 1973] 50 Ala.App. 426, 280 So.2d 119, rendered after we reversed and remanded this cause to that court following our decision in SC 109, Ex parte State Tenure Commission for State of Alabama et al. (In re Marshall County Board of Education v. State Tenure Commission for State of Alabama et al.) [M.S. February 8, 1973] 291 Ala. 273, 280 So.2d 114.

The petition alleges that both the opinion of the Court of Civil Appeals on deliverance after remandment and on rehearing are in conflict with the decision of our court. We agree and reverse and remand this cause to that court for entry of a judgment in conformity with this decision.

At the outset, it should be noted that there were two decisions involving Arthur Baugh rendered by this court on the same day, February 8, 1973. Both were authored for the court by Justice Merrill. One decision is this cause, SC 109, and has to do with the "transfer" of Arthur Baugh. The other decision is SC 110, 291 Ala. 281, 280 So.2d 130 and has to do with the "firing" of Arthur Baugh.

In its decision of March 21, 1973, the Court of Civil Appeals remanded this cause to the Circuit Court of Marshall County with directions to remand the cause to the Tenure Commission with directions that the Tenure Commission:

"* * * make definite findings as to whether or not the transfer of Arthur Baugh was such a transfer as to change his 'status' as defined by the supreme court. Further, if the action of the Board of Education in transferring Arthur Baugh was for political or personal reasons, or unjust, the Tenure Commission should state the basis for their findings * * *."

What our court held in SC 109, our decision of February 8, 1973, was: (1) that prior to his transfer, Baugh had attained continuing service status as a principal after three successful years in the same system under our teacher tenure law and would receive the basic salary for principals in Marshall County with his education and experience, whatever that salary is (the amount thereof was not an issue in SC 109); (2) that the Tenure Commission was in error in declaring Baugh's transfer "null and void"; (3) that the Tenure Commission was also in error in declaring that Baugh's continuing service "status" as a

principal was violated by his transfer, although a transfer is allowed under Title 52, § 355, as amended, provided it is made without loss of status or violation of contract; and, (4) that the Tenure Commission, when it overturns an action of a county board of education transferring a tenured principal or teacher, should give reasons to support its action, such as the statutory grounds that the transfer was for political or personal reasons or arbitrarily unjust.

Specifically, we held that:

"* * * petitioner Baugh had continuing service status as a principal prior to the time the Board undertook to transfer him to another school."

In its opinion on rehearing, the Court of Civil Appeals apparently interpreted our decision to mean that the transfer of Arthur Baugh may have changed his "status." This is a misinterpretation of our decision, as can be seen from the above-quoted portion of our opinion. For, we held that Baugh retained his status as a principal after the transfer. There is no necessity for the Court of Civil Appeals to direct the Tenure Commission to make any findings as to the change in Baugh's "status."

Further, the Court of Civil Appeals, in its opinion on rehearing, touched on the matter of Arthur Baugh's salary. The salary which Arthur Baugh will receive after his transfer is not an issue in this case.

To conclude, this cause is remanded to the Court of Civil Appeals for entry of a decision and judgment that is consistent with the opinion of our court. Should that court desire to follow the same order heretofore entered by it, then it would enter judgment remanding this cause to the Circuit Court of Marshall County, Albertville Division, with directions to that court to remand it to the State Tenure Commission for a determination as to whether the action of the Marshall County Board of Education, in transferring Arthur Baugh, was arbitrarily unjust or for political or personal reasons, and if the Tenure Commission so finds, stating the basis for such findings from the evidence taken before the Marshall County Board of Education. See Title 52, § 357, Code of Alabama 1940.

Reversed and remanded with directions.

HEFLIN, C. J., and MERRILL, HARWOOD, MADDOX, McCALL, FAULKNER and JONES, JJ., concur.