This is a teacher tenure case.
The Shelby County Board of Education (Board) filed an action in the circuit court, asking that a writ of mandamus issue to the Alabama State Tenure Commission, requiring it to set aside the determination that a transfer from high school principal to elementary school principal involved a "loss of status." The trial court granted *Page 724 
the writ, and the Tenure Commission appeals. We affirm.
The Tenure Commission contends that the trial court erred in finding that the transfer from high school principal to elementary school principal, which involved a reduction in salary, was not a transfer with "loss of status" in violation of section 16-24-5, Ala. Code (1975). As indicated, in this instance we do not agree with this contention.
The brief, undisputed facts are that the principal had been employed as a principal for a sufficient length of time to have achieved continuing service status or tenure as a principal. The principal was notified by the Board that he was being transferred from high school principal to elementary school principal for the next succeeding school year. The salary schedule approved by the Board for elementary school principals was approximately $4,000 less per year than the principal's present salary as a high school principal.
The principal requested a hearing before the Board in order to protest the transfer. At the conclusion of the hearing, the Board approved the transfer, and the principal appealed to the Tenure Commission.
The Tenure Commission reversed the decision of the Board and found that the transfer involved a "loss of status" in violation of section 16-24-5, Ala. Code (1975).
The Board then filed an action against the Tenure Commission, seeking a writ of mandamus to force the Tenure Commission to set aside its decision that prohibited the transfer. The trial court granted the writ of mandamus and held that the principal's transfer did not involve a "loss of status."
As stated, the Tenure Commission appeals, stating that the trial court erred in granting the writ of mandamus, finding that the transfer from high school principal to elementary school principal, which involved a loss of salary, was not a transfer with "loss of status" as prohibited by section16-24-5, Ala. Code (1975).
Section 16-24-5 states
 "Any teacher on continuing service status, upon the recommendation of the superintendent and the approval of the employing board of education, may be transferred for any succeeding year from one position, school or grade to another by being given written notice of such intention to transfer by the employing board; except, that such transfer shall be without loss of status or violation of contract, and such transfer may not be for political or personal reasons."
(Emphasis added.)
The term "teacher" has been defined to include "principal." Ala. Code (1975), § 16-24-1.
We must first determine what is meant by "without loss of status."
In Clark v. Beverly, 257 Ala. 484, 59 So.2d 810 (1952), our supreme court held that "status" applies to continuing service status or tenure, and the words "without loss of status" do not limit the right to transfer only to a similar rank or position. The court further stated that a transfer from one position to another position or from one school to another school could be made without jeopardizing the teacher's continuing service status. Clark, 257 Ala. at 490, 59 So.2d at 816. See alsoMarshall County Board of Education v. State Tenure Commission,291 Ala. 273, 280 So.2d 114 (1973).
In addition, we note that this court has stated that the transfer from a secondary school teaching position to an elementary school teaching position does not violate section16-24-5 as affecting "continuing service status." Hood v.Alabama State Tenure Commission, 418 So.2d 131 (Ala.Civ.App. 1982).
Clearly, in the instant case the principal would in no way or manner suffer a loss of continuing service status or tenure in the transfer to the principal's position of another school.
Furthermore, section 16-24-4 states
 "The salary or compensation of any teacher on continuing service status may be changed for any succeeding year to *Page 725 
accord with a general salary schedule adopted by the employing board of education; provided, that no salary schedule shall operate to compensate teachers in less sums than the sums contained in a minimum salary schedule, which may be adopted by the state board of education of Alabama for teachers in the public schools of the state."
Our supreme court has held in Traweek v. Pittman, 259 Ala. 24,26, 65 So.2d 504, 505-06 (1953), that the legislature did not intend "to imply a construction whereby after a principal once attained continuing service status in a ten teacher unit school that he would always be entitled to be paid on that basis regardless of whether or not he should be transferred to a smaller teaching unit school."
The Tenure Commission contends that the Traweek and Clark
decisions do not apply because the Alabama Tenure Act has been amended since the rendition of those cases.
While the Act has undergone some changes since the decisions in Traweek and Clark, the changes do not appear to affect the holdings in those cases. The Act now clearly mandates, as shown above, that a transfer "shall be without loss of status," as the prior Act appears to so mandate.
In view of the above cases which define "status" as continuing service status or tenure, coupled with the fact that a reduction in compensation is allowed by law and in no manner affects continuing service status, we cannot say that the trial court erred in granting the writ of mandamus to set aside the Tenure Commission's decision.
Put another way, the principal was tenured as a principal prior to the transfer and was still tenured as a principal subsequent to the transfer; thus, no loss in "status."
While the record before this court does not indicate sufficient facts, we note that section 16-24-3, Ala. Code (1975), might possibly have some application in the instant case. However, the applicability of section 16-24-3 does not appear to have been raised in the court below, and the appellant does not refer to that section or cite any relevant authority in its brief on appeal. Therefore, this issue is not properly before this court. See Whitworth v. Dodd,435 So.2d 1305 (Ala.Civ.App. 1983); Rule 28, Alabama Rules of Appellate Procedure.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.